### PLUMMER v. ROADS.

If a party desires to have the appellate court review the decision of the District Court, in sustaining or overruling a demurrer, he must suffer judgment in chief to be rendered in that court, on the demurrer.

Taking a bill of exceptions, will not raise any question for the adjudication of the appellate court, if the demurrer has been waived by pleading over.

Where a commission to take a deposition, was directed to the "clerk of the District Court of Morgan county, Indiana," and the deposition was taken and certified by the "clerk of the Court of Common Pleas of Morgan county, Indiana;" *Held*, That the deposition should have been suppressed.

Where a commission to take depositions, is issued by the clerk, under the seal of the court, it will be presumed to have issued by the authority of the court.

Where the caption of a deposition stated, that the deposition was taken "at the clerk's office of the Court of Common Pleas of said county," before said clerk, (naming him) "at Martinsville, in said county and state, on Thursday, the 22d day of March, 1855, between the hours of nine o'clock, A. M., and four o'clock, P. M. of said day, pursuant to the commission hereto attached," &c.; and the clerk certified, "that the said deposition was taken at my office in Martinsville, in said county and state, on Thursday, the 22d day of March, 1855, between the hours of nine o'clock, A. M., and four o'clock, P. M.;" "that said deponent was by me duly sworn according to law; and that the foregoing deposition was written by me, and signed by said deponent in my presence;" *Held*, That taking the certificate, in connection with the caption, it sufficiently appeared, that the deposition was subscribed and sworn to by the deponent, at the time and place therein mentioned.

Where a party contracts, or is liable to pay "in good property," an action cannot to be sustained against him, until after a demand of property in payment.

Allegations in a pleading, not responded to, must be taken as true.

*Appeal from the Jasper District Court.*

THE plaintiff, as the husband of Eliza B. Plummer, claims of defendant the sum of $270, principal and interest, and for cause of such claim, states that the defendant, in pursuance of

the will of Zur Combs, deceased, undertook and promised to pay the plaintiff one hundred and forty dollars, as set forth in said will; and that the claim has been on interest for fifteen years, and remains unpaid. Defendant appeared to the suit, and answered, denying any indebtedness or promise to pay, as alleged in the petition. There is also a plea of payment, and of the statute of limitations. Plaintiff replied, alleging that defendant had not been a resident of the state of Iowa, at any time within ~~five~~ years before the commencement of the suit, and taking issue on the plea of payment.

The evidence consisted of a certified copy of the will or Zur Combs, and the deposition of Jacob H. Combs. The caption to the deposition read as follows: "The deposition of Jacob H. Combs, of Morgan county, Indiana, taken at the clerk's office of the Court of Common Pleas of said county, before Oliver R. Dougherty, said clerk, at Martinsville, in said county and state, on Thursday, the 22d day of March, 1855, between the hours of nine o'clock, A. M., and four o'clock, P. M., of said day, pursuant to the commission and notice hereto attached, and herewith returned. * * * * "Said deponent being of lawful age, and first duly sworn according to law by said clerk, deposes and says;" and the certificate was in the following form : "I, Oliver R. Dougherty, clerk of the Court of Common Pleas of Morgan county, in the state of Indiana, do hereby certify that said deponent, Jacob H. Combs, was by me duly sworn according to law ; that the foregoing deposition was written by me, and signed by the said Combs in my presence ; that neither party attended in person or by attorney ; and that said deposition was taken at my office in Martinsville, in said county and state, on Thursday, the 22d day of March, 1855, between the hours of nine o'clock, A. M., and four o'clock, P. M.," and properly signed by the officer. A motion was made by the defendant to suppress this deposition, for reasons which will be found in the opinion of the court, which motion was overruled by the court. The jury returned a verdict for the plaintiff; and a motion for a new trial, on the

ground that the verdict was contrary to the law and evidence, was overruled by the court. The defendant appeals. Other facts necessary to an understanding of the case, will be found in the opinion of the court.

*Samuel A. Rice*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—I. The demurrer was waived by the subsequent answer of defendant. If a party desires to have this court review the decision of the District Court, in sustaining or overruling a demurrer, he must suffer judgment in chief to be rendered in that court on the demurrer. Taking a bill of exceptions will not raise any question for the adjudication of this court, if the demurrer has been waived by pleading over.

II. The third assignment of errors is upon the refusal of the District Court to suppress the deposition of Jacob H. Combs, taken on the part of the plaintiff. The reasons urged in favor of the motion to suppress the deposition are:

1. That the commission is directed to the " clerk of the District Court of Morgan county, Indiana,"—and the deposition is taken and certified by and before the " clerk of the Court of Common Pleas " of Morgan county, Indiana.

2. That said Combs, the witness, is a party to the will referred to in petition, and is consequently an interested witness.

3. That the commission is not issued in the name of the District Court of Jasper county.

4. That an exhibit is referred to by the witness in the deposition, which is not appended to the deposition, nor any copy of the same, and no reason is shown for such failure.

5. That the certificate of the clerk is insufficient in this, that it does not show that the deposition was subscribed and sworn to by the witness, at the time and place therein mentioned.

6. That part of the testimony of the witness is given from hearsay only.

The first objection to the admissibility of the deposition is, we think, well taken. If it were made to appear in any sufficient manner, that there was no "district court" in Morgan county, Indiana, and that the "Court of Common Pleas," was a court of the same character and jurisdiction; we think the fact that the deposition was taken by the clerk of the "Court of Common Pleas," and not by the clerk of the "District Court," would furnish no sufficient reason for suppressing the deposition. In this case, however, there is nothing in the record, from which we are authorized to infer that there was not in Morgan county, a district court, with a clerk, which clerk alone, in such case, was the proper person to have taken the deposition.

III. Some of the remaining objections are relied upon as sufficient, and some are not. We are of opinion, they are not well taken. The direction of the statute, (§ 2455,) that the commission issue in the name of the District Court, is sufficiently answered, if it is shown that the commission is issued by the clerk under the seal of the court. It will be presumed to have issued by authority of the court, which, for all practical purposes, is the same as if it had formally issued in its name. The certificate of the clerk is not as full and specific as it might have been made—but taking the whole of it together, and in connection with the caption, we think it sufficiently shows that the deposition was subscribed and sworn to by the witness, at the time and place therein mentioned. We have thought it advisable to notice thus particularly, the questions arising on the third assignment of errors, as the same may arise again in the District Court, if any further proceedings are had in the cause.

IV. The fourth assignment of errors is upon the refusal of the court to arrest the judgment, and order a new trial on defendant's motion. The evidence before the District Court is all set forth by the bill of exceptions. It consists of a certified copy of what purports to be the will of Zur Combs, of Highland county, Ohio, and the deposition of

Jacob H. Combs of Morgan county, Indiana. The will is made part of the plaintiff's petition, and is dated April 15, 1828. The testator devised to his daughter Barbara and Philip Roads, her husband, a farm in Ohio, on certain conditions, and charged with certain legacies, to be paid by the said Barbara and Philip, which are set forth at length in the will. Among others are the following:

" 4. To my son Jacob W. Combs, I will and bequeath one hundred and fifty dollars, to be paid by Barbara Ann Roads and Philip Roads, her husband, in two years after they obtain clear and full possession of the farm I, by this will, bequeath to them; the $150 to be paid in property.

" 5. To Eliza B. Plummer, I bequeath one hundred and forty dollars, to be paid in good property, as above, by said Barbara and Philip Roads, in two years after they get possession of said farm."

The " full and clear possession " spoken of in the will, was to take place on the death of Mary Combs, the wife of the testator, who it is shown by the deposition of Jacob H. Combs, had been dead some fifteen years before the suit was brought. The plaintiff avers in his petition that the defendant undertook and promised to pay to the plaintiff the one hundred and forty dollars mentioned in the will, in pursuance of, and as set forth in the said will. On this averrment, issue is joined. It is shown by the testimony of Jacob H. Combs, before referred to, that the defendant had taken possession of the farm some twenty-eight years before, and the witness had often heard him say he owed the plaintiff, the one hundred and forty dollars, on account of the farm bequeathed to defendant. This, however, is all the testimony. There is no evidence that plaintiff had ever demanded of defendant the amount "to be paid in good property," according to the tenor of the will. Until such demand is shown, the plaintiff is not entitled to recover, and the verdict is not sustained by the evidence.

V. There was no issue joined on the plea of the statute of limitations. The affirmative allegation of plaintiff's replication, that defendant had not been a resident of the state of

Plummer v. Roads.

Iowa for ten years next preceding the commencement of the suit, was neither admitted nor denied by defendant. And the allegation not being responded to, must be taken as true. Code, § 1742. As the record sets forth all the evidence given before the District Court, and as we think it was insufficient to authorize a verdict for the plaintiff, the judgment will be reversed, and a new trial ordered.

Judgment reversed.