## JONES *v.* SMITH.

Where in an action to recover damages for the fraud and misrepresenta-
tion of the defendant, in the sale of a certain parcel of real estate,
describing it, the plaintiff attached to his petition a deed from the
defendant, conveying *two* parcels of land to the plaintiff, and the de-
fendant asked the court to instruct the jury as follows : " That there is
a material variance between the contract alleged in the petition, and that
contained in the deed introduced in evidence, and it is the duty of the
jury to render a verdict for the defendant," which instruction the court
refused to give :   *Held,* That there was no variance between the deed
and the allegations of the petition, and that the instruction was prop-
erly refused.

And where in such an action, the plaintiff averred that he paid four
hundred dollars for the one tract of land, for the fraud in the sale of
which he claimed damages, when it appeared from the deed offered in
evidence, that that sum was the consideration of both tracts :   *Held,*
That the sum named in the deed was not conclusive as to the consider-
ation, and that there was no variance.

Where, on the nineteenth of November, 1856, a party was served with
notice that on the twenty-fifth of that month, a *dedimus* would be issued
to William Cohill, clerk of the district court of Goodhue county, Min-
nesota Territory, to take the deposition of one K.; and where a depo-
sition was returned, which, from the caption, purported to have been
taken on the second of January, 1856, before William Colvill, Jr., clerk
of the first judicial court of Minnesota Territory, in and for the coun-
ty of Goodhue, while the certificate to the deposition shows that it was
taken on the second of January, 1857 ; and where a motion was made
to suppress the deposition, on two grounds : 1. It was taken before the
suing out of the *dedimus ;* and, 2. It was not taken before or by the
person named in the notice or commission :   *Held,* 1. That it appeared
sufficiently that the deposition was taken after the suing out of the
*dedimus ;* 2. That the second objection was well taken, and that the
deposition should have been suppressed.

*Appeal from the Polk District Court.*

FRIDAY, JUNE 18.

The plaintiff seeks to recover damages for the fraud and misrepresentations of the defendant, in the sale of a certain parcel of real estate.   Verdict and judgment for plaintiff, and defendant appeals.   For the material facts, see the opinion of the court.

*J. E. Jewett* and *John A. Kasson,* for the appellant.

I.   The deposition of Knox should have been excluded. *Boyd* v. *Hastings,* 17 Pick., 200; *Bell* v. *Morrison,* 1 Peters, 355; Code, section 2449.

II.   The instruction asked by defendant touching the variance between the allegations of the petition, setting up the contract, and the deed, should have been given.   1 Zabrisk., 363; *Levy* v. *Gadsby,* 3 Cranch, 186: *Col. Ins. Co.* v. *Walsh,* 18 Mo., 231; 1 Greenl. Ev., sec. 64; 2 Ib., 160; *Colt* v. *Root,* 17 Mass., 235; *Van Epps* v. *Harrison,* 5 Hill, 69; *Warren* v. *Daniels,* 1 Woodb. & M., 90; *Sanford* v. *Handy,* 23 Wend., 260; *Waldron* v. *Zollikoffer,* 3 Iowa, 108; *Lawrenson* v. *Marvin,* 8 Barb., 18; 1 Ad. & Ellis, 40; 24 Wend., 75.

*D. O. Finch* and *W. J. Gatling,* for the appellee, cited the following authorities:   *Mause* v. *Herkimer Co. Mut. Ins. Co.,* 4 Hill, 187; 3 Bouvier Ins., 214; *Savage* v. *Smith,* 2 Blackf., 110; 2 Sand., 206; *Ferguson* v. *Harwood,* 7 Cranch, 408; *Harrison* v. *Weaver,* 2 Port., 542.

WRIGHT, C. J.—The land sold to plaintiff, is situated in the county of Rock Island, State of Illinois.   A copy of the deed bearing, date March 9, 1855, is annexed to the petition and made a part thereof, and two tracts of land are conveyed   Plaintiff complains that he has sustained

injury on account of the fraud and misrepresentations of the defendant, as to one parcel, and makes no reference in his petition to the other tract. Upon this state of facts, defendant asked the court to instruct the jury, "that there is a material variance between the contract alleged in the petition, and that contained in the deed introduced in evidence, and it is the duty of the jury to render a verdict for the defendant." This instruction, as well as others upon the same subject, and assuming, substantially, similar ground, were refused, and this is the first error to which we direct our attention.

We think the instructions were properly refused. The plaintiff expressly states in his petition, that he claims damages for the fraud in the sale of a tract of land, which is particularly set out, and which agrees, as is admitted, with the description contained in the deed. To his petition he annexes a copy of the deed, which conveys, not only the land set out in the petition, but also another tract. In the sale of this other parcel, he does not claim, or set up, that there was any fraud, or that he has sustained any injury. Defendant thus had full notice of the instrument upon which plaintiff intended to rely for the purpose of showing the sale, and it could make no difference that the same deed conveyed two tracts of land. If the copy annexed, had omitted the description of the second parcel, there might have been some ground for claiming that there was a variance, when the deed itself was introduced in evidence.

It is urged, however, that plaintiff avers that he paid four hundred dollars for the one tract, whereas, the deed shows that this was the consideration paid for both tracts, and that in this there is a variance. The sum named in a deed, is not conclusive as to the consideration; and it seems to us that the most that defendant could claim under the circumstances is, that the jury should take into consideration the fact, that plaintiff received for the four hundred dollars, this second tract of land, as well as the first, and that its value should be allowed him, (defendant), in con-

sidering the question of damages. But it will not do to say, that the variance is such as to entitle the defendant to a verdict in his favor.

On the nineteenth of November, 1856, defendant was served with notice, that on the 25th of that month, a *dedimus* would be issued from the office of the proper clerk, to be directed to "William Cohill, clerk of the district court of Goodhue county, Minnesota Territory," to take the deposition of one Knox. A deposition was returned, which, from the caption, appears to have been taken on the 2d of January, 1856, before "William Colvill, Jr., clerk of the first judicial court of Minnesota Territory, in and for the county of Goodhue." The certificate attached to the deposition shows, that it was taken on the 2d of January, 1857. A motion was made to suppress this deposition—*first*, because it was taken before the suing out of the *dedimus*; and, *second*, because it was not taken before or by the person named in the notice or commission. This motion was overruled, and this is the second error relied on to reverse this cause.

We entertain no doubt as to the first cause assigned for suppressing the deposition. Taking the whole record together, it is very manifest that the date given in the caption of the deposition, is a mere clerical mistake—one that might, from the date, easily occur. The certificate, however, removes all doubt, and shows that it was taken after the suing out of the *dedimus*. Under the circumstances, we think the mistake of date in the caption unimportant, and that no substantial prejudice can result to defendant by disregarding it. If so, then the deposition should not, for this cause, be excluded. Code, section, 2461.

The second objection presents a question of more doubt. The Code provides that the party wishing to take a deposition, may select as a commissioner, the clerk, or any judge of any court of record, who may be appointed by his name of office; "but the name of the court of which such person is clerk or judge, must be stated in the com-

mission. Sections 2448, 9. And then, by section 2461, it is provided that important deviations from any of the directions contained in the foregoing sections, shall not cause the deposition to be excluded, where no substantial prejudice could be wrought to the opposite party by such deviation. In this case, the impress of the seal of the commissioner is not before us, and we are thus left to determine the office of the commissioner from the title which he gives to himself, in taking the deposition, and the return which he makes to the commission. And we think it very clear, that he is the clerk of a court having a different name and style from that used in the notice and *dedimus*. In the one, he is styled "the clerk of the district court;" in the other, he says he is " clerk of the first judicial court of Minnesota Territory." We incline to the opinion that this deviation is important, and should have excluded the deposition. The Code, in requiring the name of the court of which the commissioner is clerk to be stated in the commission, we think, must have intended that the officer named, and not another, should take the deposition.

It is provided in the same sections, that the parties may agree upon, or the court may appoint, any individual, whether an officer or not, for the purpose of taking the deposition. In such cases the parties, or the court, select the individual because of the confidence they may have in him, that he will faithfully and honestly perform the trust. And yet, it would scarcely be contended that C. D. could perform the duties, under a commission appointing A. B. So, in that class of cases where an officer, by his name of office, is selected, it seems to us, there is as little reason for claiming that some other officer may perform the duties. As well might it be claimed, that if the judge of a court is appointed, the clerk, a notary public, or a commissioner of deeds, could take his place, and transact the business. ·

We are not inclined to exclude depositions, except upon substantial grounds. We must remember, however, that while unimportant deviations are to be disregarded, the

authority to take testimony in this manner, is in derogation of the rules of the common law; and there should, therefore, be some measure of strictness in the construction of the statute. And where there is a clear departure from the authority given—when the deposition is taken and returned by an officer not named in the commission, and not known to the record—we think it would be overlooking a substantial and important deviation, to permit the deposition to be read. *Breyfogle* v. *Breckley*, 16 S. & R., 264; *Daggett* v. *Tallman*, 8 Conn., 168; *Bell* v. *Moursor et al.*, 1 Peters, 351.

It is suggested that the officer named in the commission and return, is the same, though called by a different name. Of this we cannot take judicial notice, and no fact is brought to our attention in this record, to sustain the position. Apparently they are as different as though one was the clerk of the district, and the other of the supreme, court. The names would indicate that the jurisdiction of the courts of which they are clerks, are entirely distinct and separate. *Plummer* v. *Roads*, 4 Iowa, 587.

Several objections were urged in the court below, to parts of the deposition of one Stoddard, taken on the part plaintiff, which were overruled; and this ruling is now assigned for error. The objections are, for the most part, to matters of form, and without referring to them in detail, we will merely say that we think they are not well taken. The safer and better rule is, to require that the objections to the form of the interrogatories, shall be made before the commission issues. *Keeny* v. *Chiles*, 4 G. Greene, 416. And where the objection is, that testimony is irrelevant, it depends so much upon the other evidence offered, and the actual attitude of the case in the court below, at the time of the trial, that we should require a very clear case of irrelevancy, indeed, before we could hold that the testimony was improper.

Exceptions were taken to the instructions asked by plaintiff, and given; to the refusing to give those asked by defendant; and to the action of the court and officers, after

the jury had retired ; but as their disposition is not neces-
sary to the determination of the case at present, we do not
feel called upon to notice them.   We have examined and
disposed of those questions only, which will certainly avail,
on a second trial, and thus leave the case.

Judgment reversed.