## CURRY v. ALLEN.

1. **Deposition :** TAKEN BEFORE WRONG OFFICER: MOTION TO SUPPRESS: ERROR WITHOUT PREJUDICE. Where the testimony of plaintiff was taken by deposition, and a motion to suppress the same, on the ground that it was not taken before the officer to whom the commission was issued, was overruled, such ruling, whether right or wrong, cannot be regarded as prejudicial error, when it appears that the plaintiff was himself present and testified upon the trial fully and substantially to the same effect as in the deposition.

*Appeal from Allamakee Circuit Court.*

THURSDAY, JANUARY 18.

THIS action was commenced in 1878, as an action at law, aided by attachment, to recover of the defendant an alleged balance of $150, claimed to be due the plaintiff on an unsettled partnership account between the parties, growing out of their business in operating a thrashing machine, in the year 1877. An attachment was issued and was levied upon the defendant's interest in a thrashing machine owned by the parties. In February, 1878, the cause was transferred to the

equity docket, and ordered to be tried on written evidence. After the levy of the attachment, the plaintiff obtained possession of the machine, and operated it during the thrashing seasons of 1878 and 1879.

Various amendments to the pleadings were filed, setting up in detail the business of 1877, 1878 and 1879, and asking an accounting and a dissolution of the partnership. The cause was tried on the 3d day of March, 1882, and judgment was rendered against the defendant for $47.55, the attachment was sustained, the partnership dissolved, and a special execution awarded against defendant's one-half interest in the attached property. The defendant appeals. The cause has before been in this court. See 55 Iowa, 318.

*Burling & Stowe*, for appellant.

*S. S. Powers*, for appellee.

DAY, J.—I. On the 4th day of October, 1881, a commission was issued to "Clerk of Courts for Butler County, Nebraska" to take the deposition of Elisha Curry the plaintiff in this case. On the 11th day of October, 1881, there was filed in said court the deposition of Elisha Curry, taken on the commission issued October 4, 1881, by and before "E. B. Taylor, Clerk of the District Court of the 4th Judicial District of Nebraska, within and for Butler County, Nebraska." The defendant moved to suppress this deposition on the ground that it was not taken before the officer to whom the commission issued. The court overruled this motion and the defendant excepted. The defendant insists that the motion to suppress the deposition should have been sustained, and relies upon Code, § 3725, *Plumer v. Roads*, 4 Iowa, 587, and *Jones v. Smith*, 6 Iowa, 229. We do not deem it necessary to determine this question. It appears from the abstract that the plaintiff was present and testified in person at the trial. His testimony covers all the points material to this controversy embraced in his depo-

1. DEPOSITION: taken before wrong officer: error without prejudice.

sition, and is even more favorable to the plaintiff than the testimony contained in the deposition. If the deposition of the plaintiff should be stricken out, all of his material testimony would still remain. In fact the conclusion which we have reached in this case has been arrived at without reference to the plaintiff's deposition. It is not, therefore, necessary that we should determine whether or not the motion to suppress the deposition should have been sustained.

II.   From a careful examination of the evidence in this case, we have reached the conclusion that the account between the parties should be stated as follows. The evidence shows that the parties were in partnership, running a thrashing machine in the year 1876, and that they settled their accounts on the 13th day of December, 1876. A clear preponderance of the evidence shows that there was found due the defendant at the date of this settlement.................$   38.54

On this sum interest at 6 per cent should be allowed until payments were made thereon in May and August, say six months.........   1.15

Payments in May and June.................   8.78

Balance due defendant on business in 1876....   30.91

Interest until money came into the defendant's hands on business of 1877, say six months...   .92

Total due defendant on business of 1876......   31.83

The defendant received on business of 1877...   267.35

The defendant paid expenses for 1877, as conceded in plaintiff's argument amounting to..   34.25

Partnership fund in defendant't hands on business of 1877.........................   233.10

The plaintiff received on business of 1877.....   183.69

The net earnings of plaintiff, for the year 1878, deducting expenses and an allowance for his own time and team, 28 days, were..........   146.10

The net earnings of plaintiff, for the year 1879, deducting expenses and an allowance for his own team and time, 19 days, were..........   99.70

Curry v. Allen.

| | |
|---|---|
| The whole amount of partnership funds received by the plaintiff on the business of 1877, 1878 and 1879, is | $429.49 |
| The plaintiff paid expenses of 1877 | 55.00 |
| The plaintiff paid a firm debt due on the machine amounting to | 226.48 |
| Balance of partnership funds in plaintiff's hands on business of three years | 148.01 |
| Excess of balance in defendant's hands over that in plaintiff's hands | 85.09 |
| The one-half of this balance due the plaintiff is | 42.54 |
| Deduct amount due defendant on settlement of 1876 | 31.83 |
| The balance due the plaintiff | 10.71 |
| Interest on this sum, after six months from the closing of the account to the date of the trial, say two years | 1.28 |
| Total amount due the plaintiff at the time of the trial, March 3, 1882 | 11.99 |

The above result is probably not absolutely correct, as it is not possible in the condition of the record to determine with certainty the exact period for which interest should be allowed, but the result is, we think, as nearly a correct one as it is possible to attain in the state of the record.

The plaintiff is entitled to a judgment for $11.99, with interest from March 3, 1882, at six per cent. The plaintiff may, at his option, have judgment in this court, and must pay the costs of this appeal.

REVERSED.