Petro *v.* State of Indiana.

[No. 25,944.   Filed February 20, 1933.]

George W. Long, for appellant.

James M. Ogden, Attorney-General, and V. Ed Funk, Deputy Attorney-General, for the State.

HUGHES, J.—This was an action by the State of Indiana against the appellant, Aleck Petro, on a charge of rape in the first degree under the Acts of 1927, page 576. The appellant was tried by a jury, found guilty, and was sentenced to the Indiana State Prison for life.

The appellant assigns as errors the following: (1) The court erred in overruling appellant's motion for continuance, (2) the court erred in overruling appellant's motion for a new trial, (3) the court erred in fixing the punishment, in that the punishment fixed by the court is illegal and in excess of the punishment fixed

by the statute under the charge in the affidavit, (4) the punishment fixed by the court is excessive.

One of the reasons set out in the motion for a new trial is "that the court erred in overruling defendant's motion for a continuance." The affidavit against the defendant was filed on February 20, 1930, he was arrested on the 21st day of February, 1930, and tried by a jury on the 25th day of February, 1930. The motion filed by the defendant on February 25, 1930, for a continuance is as follows:

"Aleck Petro being duly sworn upon his oath, deposes and says that he is the defendant in the above entitled cause of action; that an affidavit was filed against him charging the commission of the offense on which he is to be tried in said cause, on February 20, 1930; that this affiant did not know of the filing of said affidavit until he was arrested on the 21st instant and that he has been held a prisoner in the Brown County jail at Nashville, Indiana, ever since said time.

"That by reason thereof that he has been compelled to rely and has relied upon his attorneys to secure the evidence to defend him in the trial of said cause.

"That he secured the employment of George W. Long, an attorney practicing at the bar of this court to represent him herein on February 21, 1930 and he secured the services of A. T. Conner, another attorney, late in the afternoon of February 21, 1930.

"That the daughter of this defendant, Alice Petro, 17 years of age and his son, Brian Petro, 11 years of age, at the time this defendant was arrested were held in the Bartholomew County jail at Columbus, Indiana. That said Alice Petro and said Brian Petro are material witnesses for this defendant in making his defense in above entitled action because they are in possession of certain facts as defendant is informed and believes that will be material to his defense in said cause; that

said witnesses are children of this defendant and lived with him at his home up to about the time they were arrested shortly before said 20th day of February, 1930. That if said children related the facts that their testimony will show without question that said defendant is not guilty of the charge made against him herein but that this defendant because of the fact that he has been unable and of the fact that his attorneys have been unable to talk with said children as is hereinafter set out is unable to set out in this affidavit the exact facts that said children will testify to. That said children, Alice Petro and Brian Petro, are acquainted with Ruby Mikesell and Catherine Mikesell the persons named in the affidavit now on file against this defendant and with whom and against whom he is charged in said affidavit of being guilty with the crimes alleged therein against him and that said children know that said defendant was never with said Ruby Mikesell and said Catherine Mikesell, alone and he is not guilty of the crime charged in the affidavit and that he believes that his said children, above named witnesses, will so testify truthfully if his attorneys are permitted to interview them; that said children, above named witnesses, know the names of other people and witnesses who can testify to the same facts, whose names this affiant does not know but that it is too late at this time for this affiant and defendant to secure the names of said other witnesses in order to procure their attendance at the trial on this date and to learn the facts that they will testify to in time to use them at the trial of this cause.

"That this affiant has been and that his attorneys have been unable to see said Alice Petro and said Brian Petro to talk to them and to learn what they know concerning the facts and evidence in this cause and to make preparation for his defense herein for the following reasons:

"That this affiant has been confined in said Brown

County jail ever since his arrest on the charge herein as above set out, that his said attorneys, Geo. W. Long and A. T. Conner on the morning of Saturday, February, 22, as soon as they could do so after their employment as such attorneys went to the Bartholomew County jail where said Alice Petro and said Brian Petro were held at said time by the sheriff of Bartholomew County and asked to talk to said witnesses; that said sheriff of Bartholomew County at said time refused to allow said attorneys to talk to said witnesses and states to them that he had been instructed by the state highway policeman, Carl Losey who had placed said witnesses in said jail not to permit anyone to talk to them.

"That following said refusal of said sheriff to permit said attorneys to talk to said witnesses they filed a petition with the Bartholomew Circuit Court asking that said sheriff be directed and ordered to permit said attorneys to talk with said witnesses and that shortly before noon on February 22 that said court did so order and direct said sheriff to so permit said attorneys to see and interview said witnesses.

"That this affiant files herewith a certified copy of said order so entered by said court.

"That shortly after one o'clock on said day that said attorneys went to said jail to talk to said Alice Petro and Brian Petro in accordance with said order and were then informed by said sheriff that said Carl Losey, state highway policeman, had taken said witnesses Alice Petro and Brian Petro with him away from said jail and to Nashville, Indiana.

"That said attorneys thereupon went to Nashville, Indiana and there saw said state highway policeman, Carl Losey, and deputy prosecuting attorney John Wright and at the same time learned that said Carl Losey had said witnesses in his possession. That said witnesses at said time were not in the Brown County

jail but were kept secreted by said Carl Losey and that said Carl Losey and said John Wright at said time notified said attorneys that they would not permit said witnesses to talk to them unless they did so in the presence of said Carl Losey and of said deputy prosecuting attorney of the Brown Circuit Court; that said Carl Losey has ever since said time kept said witnesses with him and under his control and he has refused to allow or to permit said attorneys to talk to said witnesses or to see or interview them. That this defendant files affidavits of other persons herewith to substantiate the facts herein set out.

"That by reason of the premises that this affiant, above named defendant, has been unable to make preparation for his defense in above entitled cause and is wholly unprepared to go to trial therein. That the interest of justice requires that this cause be continued to give this affiant and defendant an opportunity to prepare for his trial and to secure the names of witnesses who can testify in his behalf so that he can make an adequate defense against the charges herein.

"That if this cause is continued until the May term of this court that this affiant will by said time be able to make proper preparation for his defense herein and that by said May term that he will be able to secure the names of witnesses by whom he will be able to show that he is not guilty of the crimes against him herein. That this affiant is not able to secure such evidence from any other witnesses other than said Alice Petro and said Brian Petro.

"This affiant, above named defendant, further shows that he is now confined in the Brown County jail on said charge because of his inability to give bond herein and that the interest of the State of Indiana will in nowise be jeopardized by said continuance.

"WHEREFORE this affiant prays a continuance of the trial of this cause until the May term of this court and for all other proper relief.

Aleck Petro, by his mark."

A supporting affidavit was filed the same day by George W. Long and A. T. Conner, attorneys for the defendant, as follows:

"George W. Long and A. T. Conner being duly sworn, each upon his oath, deposes and says:

"That they are attorneys for above named defendant Aleck Petro; that they were employed by said Aleck Petro on February 21, 1930 and that as soon as possible thereafter early on the morning of February 22, 1930 they went to the Bartholomew County jail where the children of said defendant, Alice Petro and Brian Petro were held at said time by the sheriff of Bartholomew County, Indiana, and asked to talk to said witnesses, Alice Petro and Brian Petro; that said witnesses were and are material witnesses for said defendant in the trial of said cause and that it was necessary for said attorneys to see said witnesses and to talk to them in preparing for said trial for the reason set forth in affidavit of said defendant filed herewith.

"That said sheriff of Bartholomew County, at said time, refused to allow said attorneys to talk to said witnesses and stated to them that he had been instructed by the state highway policeman, Carl Losey, who had placed said witnesses in said jail not to permit anyone to talk to them.

"That following said refusal of said sheriff to permit said attorneys to talk to said witnesses they filed a petition with the Bartholomew Circuit Court asking that said sheriff be directed and ordered to permit said attorneys to talk with said witnesses, and that shortly before noon on February 22 that said court did so order and

direct said sheriff to so permit said attorneys to see and interview said witnesses.

"That these affiants file herewith a certified copy of said order so entered by said court.

"That shortly after one o'clock on said day that said attorneys went to said jail to talk to said Alice Petro and Brian Petro and were then informed by said sheriff that said Carl Losey, state highway policeman, had taken said witnesses Alice Petro and Brian Petro with him away from said jail and to Nashville, Indiana.

"That said attorneys thereupon went to Nashville, Indiana, and there saw said state highway policeman, Carl Losey, and deputy prosecuting attorney John Wright who was in charge of this prosecution and at the same time learned that said Carl Losey had said witnesses in his possession. That said witnesses at said time were not in the Brown County jail but were kept secreted by said Carl Losey and that said Carl Losey and said John Wright at said time notified said attorneys that they would not permit said witnesses to talk to them unless they did so in the presence of said Carl Losey and of said deputy prosecuting attorney of the Brown Circuit Court and by reason thereof these affiants were unable to see or talk to said witnesses; that said Carl Losey has ever since said time kept said witnesses with him and under his control and he has refused to allow or to permit said attorneys to talk to said witnesses to see or interview them. That these affiants had subpoenas for said witnesses to be issued by the clerk of the court on February 22, 1930 and placed into the hands of the sheriff of Brown, Bartholomew and Johnson counties to secure their presence at trial of this cause.

"That by reason of the premises that these affiants, attorneys for said defendants, have been unable to make

preparation for his defense in above entitled cause and are wholly unprepared to go to trial therein.

Geo. W. Long.<br>A. T. Conner."

John P. Wright, deputy prosecuting attorney, and Carl Losey, policeman, filed on the same day an affidavit to the effect that they offered to permit the attorneys for the defendant to examine the said Alice Petro and Brian Petro provided some representative of the state was present.

The first question presented is: Did the court err in overruling the motion for a continuance? Every defendant in a criminal case is entitled to a fair and impartial trial and sufficient time for him and his attorneys to prepare his defense. In this case the defendant was charged with a crime which carried with it a life sentence. He denied the charge, plead not guilty and was put upon trial before a jury on the 4th day after his arrest. The appellee contends that the appellant has presented no cause for reversal because of the refusal of the court to sustain his motion for a continuance and bases his brief and argument upon the proposition that the appellant has not brought himself within the provisions of Sec. 2250 Burns 1926. It seems to us that appellee has misconceived the purpose of the motion and affidavit for a continuance filed by the appellant. The primary purpose of the motion as we construe it was for the purpose of securing a continuance of the trial in order to give him and his attorneys time to prepare his defense. He specifically states in the affidavit that "the affiant (the defendant) has been unable to make preparation for his defense . . . and is wholly unprepared to go to trial. That the interest of justice requires that this cause be continued to give the affiant an opportunity to prepare for trial

and to secure the names of witnesses who can testify in his behalf so that he can make an adequate defense against the charges herein. That if this cause is continued until the May term of this court that the affiant will be by said time able to make proper preparation for his defense . . . and that he will be able to secure the names of witnesses by whom he will be able to show that he is not guilty of the crimes against him." And to the same effect is the affidavit of his attorneys, George W. Long and A. T. Conner. Section 2250 Burns 1926, enumerates what is necessary to have a continuance of a trial on account of "absence of evidence" and "absent witnesses," but we are dealing here with an affidavit for continuance because the defendant and his attorneys have not had sufficient time to prepare his defense and this he is entitled to.

In 16 Corpus Juris, Sec. 815, p. 449, we find the following: "Every person accused of crime and his counsel are entitled to a reasonable time in which to prepare for trial after an accusation of crime is made; and a failure to afford this right is neither consonant with a sense of justice nor a fair and impartial administration of the law." In the footnote, No. 59, on the same page, the following language is used: "A trial is a farce—indeed, is no trial at all, if the defendant be not given an opportunity to prepare for trial—which is another way of saying 'an opportunity to be heard.' . . . It goes without saying that the right to a trial without any opportunity to prepare for it is an idle, a fatuous thing."—8 R. C. L., Sec. 21, p. 67.

We are of the opinion that the court abused its discretion in refusing to sustain defendant's motion for a continuance in view of all the facts set out in the affidavits and motions of the appellant and his attorneys.

It appears from the evidence in the case that the defendant had several other charges upon which he had

been arrested pending in court at the time he was being tried for rape. On cross-examination the defendant was asked by the state the following question: "Are you the same Aleck Petro that is charged in this court with burglary and that charge is now standing against you?" Over the objection of appellant he was compelled to answer and did answer in the affirmative. The same character of questions were asked the appellant as to each charge that was filed against him and over objections he was compelled to answer.

The appellant contends that the court committed error in permitting the questions and requiring the defendant to answer. It is apparent from the form of the question that the state was attempting to so frame the same that it would come under the rule of identification and be proper. It has been held that for the purpose of identification, if that question is in issue, such questions are proper. In this case, however, there was no such question in the case and the obvious purpose of the state was to get before the jury that the appellant had been arrested on other charges to influence the jury.

The question presented on this part of the case is this: Is it proper cross-examination to ask a defendant who is being tried on a particular charge, if he has not been arrested on other charges distinct from the one for which he is on trial, or to so frame a question as to be equivalent in meaning to the above question?

There seems to be some doubt as to the rule in this state on the admission of such evidence, but, when all the cases are analyzed, we are of the opinion that they are, with few exceptions, in harmony, and that they hold, where the question has been properly presented, that such question as above is not proper. And there is good reason for such holding. One of the instructions generally given, or at least

should be given, in a criminal case to the jury is that the jury should not consider the affidavit or indictment in the case as evidence of the guilt or innocence of the defendant, and it certainly would be erroneous for the court to instruct the jury that they could consider the mere fact that such affidavit or an indictment had been filed for the purpose of effecting the credibility of the defendant in case he testified. A man is presumed to be innocent until proven guilty beyond a reasonable doubt, and the mere fact that an indictment or affidavit has been filed is no evidence of his guilt. And the mere fact that a person has been arrested or a charge placed against him is no evidence of his guilt, and should not be the basis of a question to affect his credibility as a witness. If there has been an arrest or a charge (the word used in the question) and this followed by a conviction, then an entirely different question would be presented, and such evidence would be admissible as affecting the credibility of the witness.

In case of *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689, 691, 30 L. R. A. (N. S.) 846, the following question on cross-examination was asked:

"I will ask if you was ever convicted of assault and battery upon any person at a saloon—at the door of a saloon. The person upon whom the assault and battery was committed was Edward Meeker, . . . an officer, and at the back door of Dotterrer's saloon, and on Sunday, when it was illegal to allow persons in a saloon, and you were convicted on that charge?" The objection was that it was not proper evidence as affecting the credibility of the witness, and, if he has been convicted, the only proper evidence would be the record of his conviction. The objection was overruled, and the witness answered "yes."

The court in this case said that it is well recognized in the practice that both as to parties and witnesses,

the state may show on cross-examination, as affecting the credibility of a party as a witness, that he had been arrested, prosecuted, or convicted of similar offenses, and cited *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060, 1061; *Shears* v. *State* (1897), 147 Ind. 51, 46 N. E. 331; *Crum* v. *State* (1897), 148 Ind. 401, 47 N. E. 833. What the court decided, however, in *Dotterer* v. *State, supra,* was stated on page 363, 172 Ind. 88, N. E. 689, and is as follows: "It was clearly competent, for the purpose of impeaching and discrediting the witness, to connect him with the transaction by showing his *conviction,* for the same offense, at the same time, and as part of the same assault, when he denied being present." The court cites the case of *People* v. *Cascone* (1906), 185 N. Y. 317, 78 N. E. 287, 292, wherein it is said: "The defendant in an action, either civil or criminal, can not be asked on cross-examination whether he had been indicted for an indictment is merely an accusation and no evidence of guilt. . . . He can not be asked if he was tried for a crime, unless it appears that he was convicted, because a trial followed by acquittal is but an accusation successfully met. A conviction for crime may be proved, or, on cross-examination, actual guilt without a conviction, for either implies moral obliquity, and hence affects credibility."

In the case of *Parker et al.* v. *State, supra,* the question asked the witness on cross-examination is not set out, and for this reason we are left in the dark as to whether or not it was proper. The court merely stated "that the appellants, who testified on their own behalf on cross-examination, was asked as to certain arrests and prosecutions against them occurring in the past for the purpose of discrediting their testimony." For aught that appears, we can fairly assume that the question of conviction was involved because of the fact the

court speaks of "prosecution." The case of *Shears* v. *State, supra,* the question of "arrest" is not involved. The defendant in this case on cross-examination was asked, "if he was not in the habit of stealing a little?" and similar questions. The court said: "It is proper, within the bounds of propriety to be controlled by the trial court, that the antecedents of a witness may be subjected to a test on cross-examination, and that questions which go to exhibit motives, as well as those tending to show his character and antecedents, should be allowed." With this statement of the law we agree.

The case of *Crum et al.* v. *State, supra,* is not in point as to the question of "arrest," for the reason that this question was not presented or even mentioned. In the case of *Vancleave* v. *State, supra,* the following questions were asked the defendant on cross-examination: "I will ask you if you were arrested on the charge of larceny, and convicted in this court at the March term, 1886?" Ans.: "Yes, I was." "I will ask you if you are not now under indictment and arrest for robbing Charles Keith?" Ans.: "Yes, sir." The first question was, by the weight of authority, proper. As to the second question the nature and reason for the objection as to its admissibility is not shown. If the objection had been made to the court that there had been no showing of a conviction, but merely the return of indictment or an arrest, the objection would doubtless have been sustained.

In the case of *Tosser* v. *State* (1928), 200 Ind. 156, 162 N. E. 49, 51, the following question on cross-examination was asked the appellant, and he was compelled to answer the same: "I will ask you if you were arrested on the 16th day of February, 1922, charged with violating the liquor law?" The court held this question proper, and cited the following cases to support the ruling: *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E.

118, 119; *Vancleave* v. *State, supra; Dotterer* v. *State, supra.* We have already discussed the two latter cases in this opinion.

The case of *Pierson* v. *State, supra,* is not an authority for the ruling made in the case of *Tosser* v. *State, supra.* In the Pierson case the question asked the appellant on cross-examination was as follows: "I want to ask you whether or not on September 18, 1914, you were not arrested and taken into the city court of Marion, Indiana, to which you plead guilty to a charge of fornication under the assumed name of Ed Pierce, and for which crime you were fined ($10.00) and given a sentence of thirty days in jail, which thirty days in jail was suspended by the Mayor of Marion, acting as judge of the city court?" The ruling of the court was correct in this case, for there was a showing of conviction. In the case of *Tosser* v. *State, supra,* there was no showing of conviction in conjunction with the arrest. The case of *Tosser* v. *State, supra,* and *Vancleave* v. *State, supra,* so far as they apply to the question involved are overruled. And the language used in *Dotterer* v. *State, supra,* page 361 of 172 Ind. 88, N. E. 689, where it is said, "the State may show on cross-examination as affecting the credibility of a party, or witness, that he had been arrested, prosecuted, or convicted of similar offenses" should be held to mean that "the state may show on cross-examination as affecting the credibility of a party or witness that he had been arrested, prosecuted, and convicted of similar offenses."

Jones on Evidence (Pocket Edition), Sec. 838, p. 1065, upon the question of whether or not witness can be asked upon cross-examination questions relating to their former arrests and indictments, says: "There is some conflict in the decision upon the subject. In one class of decisions it is urged that the simple fact that a witness has been arrested or indicted does not prove

or tend to prove a conviction of any offense, and until there is proof of conviction the witness should be protected by the legal presumption of innocence. In another class of decisions this mode of examination is upheld on the ground that the questions, if answered affirmatively, tend to show that the witness has been disgraced and to show his antecedents to impair his credibility and should be permitted. On principle it would seem that such evidence should be excluded and by the weight of authority it is held inadmissible." See *Canada* v. *Curry* (1881), 73 Ind. 246, p. 249; *Richardson* v. *Gage* (1911), 28 S. D. 390, 133 N. W. 692, Ann. Cas. 1914B, 534.

It was error for the court to refuse to sustain the objection to the questions presented which were asked appellant on cross-examination and in compelling him to answer.

There were other charges pending against appellant in the same court: One for incest, one for receiving stolen goods, and one for burglary. After the appellant was compelled to answer on cross-examination the questions heretofore discussed, he called the clerk of the court to the witness stand to identify the civil and criminal bar docket of the court for the purpose of showing the dates of the filing of the three charges. On cross-examination of the clerk the state had him to identify the three affidavits, marked exhibits A, B, C. These affidavits were introduced in evidence and read to the jury over the objections of the appellant. This evidence was improper. It was not proper cross-examination and could have had but one effect, and that was to prejudice the jury against the appellant.

Another error assigned is that the court erred in fixing the punishment, in that the punishment fixed by

the court is illegal and in excess of the punishment fixed by the statute under the charge in the affidavit. We are of the opinion that there was no error in fixing the punishment as provided in Acts 1927, ch. 201, p. 576, Sec. 2.

The appellant has assigned other reasons for reversing this case, but they are not considered, for the reason they are not likely to arise at another trial.

Judgment reversed, with directions to grant a new trial.

The clerk of this court will issue the proper order for the return of the prisoner to the custody of the sheriff of Brown County.