### MOSIER v. STATE OF INDIANA.

[No. 27,622. Filed April 6, 1942.]

*Bernell Mitchell,* of Muncie, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *C. Ballard Harrison,* Deputy Attorney General, for the State.

SHAKE, C. J.—The appellant was tried by a jury and adjudged guilty of murder in the second degree. He asserts that the verdict is not sustained by sufficient evidence and also that a new trial ought to have been granted on account of surprise which ordinary prudence could not have guarded against

and for newly discovered evidence, material to his defense, which could not with reasonable diligence have been discovered and produced at the trial.

Dorothy Mills was killed and the appellant was wounded by means of a pistol discharged during an altercation. At the trial two witnesses testified for the State that the appellant subsequently told them in the hospital that he shot the decedent and that the appellant made this statement while two police detectives were in the room. The appellant was a witness in his own behalf and denied this conversation. The names of the detectives were endorsed on the indictment, and they were subpoenaed by the State but did not testify. In affidavits made a part of the motion for a new trial, the detectives denied that they were in the room when the appellant made any such statement.

The appellant has made no such showing as entitles him to a new trial for surprise or newly discovered evidence. One who claims surprise at the admission of testimony against him must ask for a postponement of the trial or a continuance so that he may be prepared to meet such testimony. He will not be allowed to speculate on obtaining a favorable verdict and, when it is found against him, claim the right to a new trial on the ground of surprise. *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625. A new trial will not be granted merely to procure evidence to contradict or impeach witnesses. *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147.

In support of his proposition that the evidence is insufficient to sustain the verdict, the appellant contends that there is no proof of purpose to kill or malice. The testimony of the two witnesses which the appellant says took him by surprise

was sufficient to constitute proof of purpose to kill. *Fausett* v. *State, ante,* p. 500, 39 N. E. (2d) 728. Malice may be inferred from the intentional use of a deadly weapon in such a manner as likely to cause death. *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192, 72 A. L. R. 891.

The judgment is affirmed.

NOTE.—Reported in 40 N. E. (2d) 698.