## WOODLEY *v.* STATE OF INDIANA

[No. 28,461.  Filed June 16, 1949.]

*Lloyd S. Hartzler* and *James P. Murphy,* of Fort Wayne, for appellant.

*J. Emmett McManamon* and *Cleon H. Foust,* Attorneys General, *Frank E. Coughlin,* First Deputy Attor-

ney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

EMMERT, J.—The appellant was found guilty by a jury of rape, and after the overruling of the motion for new trial, was sentenced by the court to be imprisoned for a term not less than two nor more than twenty-one years, from which judgment this appeal is prosecuted. The errors presented by appellant's brief are the rulings of the trial court in permitting the state to cross-examine appellant concerning delinquency charges against him, and the disposition of the juvenile court concerning such charges.

When a child is brought before the juvenile court charged with being delinquent, dependent or neglected, the proceedings are not public. Section 9-3215, Burns' 1942 Replacement (1947 Supp.) (Acts 1945, ch. 356, § 15, p. 1724), provides that "The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court . . . ." The wisdom of such policy for the broad exclusion of evidence which would be otherwise admissible in other proceedings has been seriously questioned. Wigmore, *Evidence,* § 196(c), § 1040(6) (3rd Ed.). But this policy of exclusion is one for legislative determination, and we are not at liberty to write a new statute.

The mere fact that a criminal charge has been made, which is not followed by a conviction, is not relevant to affect the credibility of a witness upon cross-examination. *Petro* v. *State* (1933), 204 Ind. 401, 184 N. E. 710; *Hengstler* v. *State* (1934), 207 Ind. 28, 189 N. E. 623. Nor independently of the juvenile statute would evidence of a charge being made in a juvenile court not followed by any adjudica-

tion thereon be relevant to discredit the testimony of a witness. The evidence in this appeal shows that the state, over proper objections by appellant, cross-examined him as to the disposition of him made by the juvenile court following the finding and judgment of that court upon the charge made, and he was compelled to testify concerning evidence given before the juvenile court.

Concerning a similar statute of Ohio, the Supreme Court of that state in *Malone* v. *State* (1936), 130 Ohio St. 443, 200 N. E. 473, 478, in holding it reversible error to permit cross-examination of an accused concerning his juvenile delinquencies, said:

"Under no circumstances could the state have introduced records from the juvenile court, proving or tending to prove, the commission of the acts implied in the questions asked defendant. Since the foundation upon which the questions in issue rested could not be exposed because of the inhibition of the statute, the questions themselves were barred by the same obstacle." The decisions of other jurisdictions are in accord. *Burge* v. *State* (1923), 96 Tex. Crim. App. 32, 255 S. W. 754; *State* v. *Cox* (Mo. Sup. 1924), 263 S. W. 215; *Hill* v. *Erie R. R.* (1928), 225 App. Div. 19, 232 N. Y. S. 66; *Robinson* v. *State* (1928), 110 Tex. Crim. App. 345, 7 S. W. 2d 571; *Smith* v. *State* (1929), 113 Tex. Crim. App. 124, 18 S. W. 2d 1070; *State* v. *Kelley* (1930), 169 La. 753, 126 So. 49; *Thomas* v. *U. S.* (1941), 74 App. Cases D. C. 167, 121 F. 2d 905; *State* v. *Guerrero* (1942), 58 Ariz. 421, 120 P. 2d 798.

■ Compelling the appellant to testify in violation of the statute was reversible error.

Judgment reversed.

NOTE.—Reported in 86 N. E. 2d 529.