MARTIN *v.* STATE OF INDIANA.

[No. 29,421.   Filed   April   10,   1957.]

*Milo C. Murray,* of Gary, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Robert M. O'Mahoney,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment convicting the appellant of murder in the second degree and sentencing him to imprisonment in the Indiana State Prison for life. The error assigned is the overruling of appellant's motion for new trial.

Appellant's motion for new trial challenges the sufficiency of the evidence to sustain the verdict. For the most part, the essential facts are not in dispute, but when we examine the evidence on appeal after a conviction to see if it sustains the verdict, we only consider the evidence most favorable to the State, including all reasonable and logical inferences that may be drawn therefrom. *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769; *Badgley*

v. *State* (1949), 226 Ind. 665, 82 N. E. 2d 841; *Keith* v. *State* (1901), 157 Ind. 376, 61 N. E. 716.

At about 11:45 P.M., Central Standard Time, on July 17, 1955, appellant was playing cards in a club at 2500 Adams Street, Gary, Indiana. Eloma Taylor, a waitress in the club, had been his girl friend for several months. There was a quarrel between the appellant and Miss Taylor. He struck her and there was a fight during which her blouse was torn and her clothes disarrayed. Shortly before the fight appellant, who needed more money to continue playing cards, had sent his wife home to get some. After the fight he left and went to his home which was less than a block away. There he picked up a loaded pistol, put it in his pocket and returned to the club.

As he approached the entrance to the club Eloma Taylor was leaving in order to change her clothes. There was another argument and another fight, which was observed by two witnesses. During the course of the fight there was one shot and Eloma Taylor fell, saying, "Oh you shot me." The medical examiner testified that the cause of death was hemorrhaging due to a gunshot wound. The bullet entered the body in the lower left abdominal wall and traveled slightly downward and across the right side of the body.

According to appellant's testimony at trial, he took the gun from his home because he had run out of money, and he decided to pawn it and "get back in the game." The butt end of the gun was sticking out of his right-hand pocket, and, when he came close to Eloma and asked to inspect a bruise which she had received on the head during the previous fight, she seized the gun with her left hand and pointed it at him. He immediately grabbed her arm and twisted, and the gun went off.

As against this defense that the shooting was not

his act the jury could have inferred, as noted above, that the gun was loaded when the accused took ■ it from his house, thus throwing substantial doubt on his explanation of his reason for taking it. Also, as noted, after the shot Eloma accused him of shooting her. In a statement made to police officers on the night of the incident, the appellant said, ". . . we had a fight on the sidewalk and I shot her." It should be noted in this regard that these words came in response to the question as to when he had last seen Eloma Taylor, and that the same written statement contained an assertion that "She grabbed the gun from me and I tried to get to take gun away from her, and the gun went off." However, the jury was not bound to accept as true his self-serving statements contained in the confession. *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769, *supra*.

No witness who observed the second fight saw the gun at any time and it was never recovered or put in evidence. However, the appellant both at trial and in his confession admitted that the gun which fired the shot was his. The medical examiner found no powder burns on the hands, clothes or body of the deceased. A photograph of the body introduced in evidence shows the bullet wound well over on the left side. Although there is no evidence whether the decedent was right or left handed, she was not a large woman, nor were her arms large and muscular. The jury was amply justified in finding that appellant's testimony that decedent shot herself with a twelve inch pistol held in her left hand to cause the bullet to enter her body and take the course it did was so difficult and unreasonable that his explanation of the shooting was false.

Malice may be inferred from the intentional use of a deadly weapon in such a manner as likely to cause

death. *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192, 72 A. L. R. 891; *Mosier* v. *State* (1942), 219 Ind. 669, 40 N. E. 2d 698. We cannot say that the jury acted unreasonably or arbitrarily in refusing to believe the accused's version of the incident and in holding that guilt was proved beyond a reasonable doubt. A careful reading of the transcript convinces us that the evidence was sufficient to sustain the verdict.

Appellant complains in the Argument section of his brief that the State was guilty of gross misconduct in its cross-examination of him as to prior arrests, convictions, and one cutting assault and battery on one Thomas Antes. Appellant's trial counsel was familiar with the general rule that an arrest without a conviction is not a proper subject of cross-examination to affect the credibility of the witness. *Petro* v. *State* (1933), 204 Ind. 401, 412, 184 N. E. 710; *Hengstler* v. *State* (1934), 207 Ind. 28, 38, 189 N. E. 623. In spite of this, he made no proper objections to the questions now attacked. His counsel knew the charge against appellant for cutting Thomas Antes had been dismissed because Antes had so requested, but he made no objections to the cross-examination as to this offense, which occurred in 1953. On redirect examination he established the dismissal of this charge. Appellant did not deny he had cut Antes.

When appellant denied intentionally shooting the decedent, he placed in issue his intent. The State would have been entitled to prove by independent evidence appellant had committed a felonious assault on Antes as relevant to the issue of appellant's intent in the crime charged. *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769, *supra; Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270; *Wallace* v. *State* (1932), 204 Ind. 68, 183 N. E. 29. In view of

the law on similar offenses and appellant's failure to object to the questions asked, there was no error in any ruling of the court as to arrests and convictions, and other offenses. Nor was there prejudicial misconduct on the part of the State.

There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.

Achor, C. J., Arterburn, Landis and Bobbitt, JJ., concur.

NOTE.—Reported in 141 N. E. 2d 455.