JIMMY RALPH HENSLEY *v.* STATE OF INDIANA.

[No. 470S86. Filed April 5, 1971. No petition for rehearing filed.]

Ronald V. Aungst, Lyons, Aungst & Guastella, of counsel,
of Valparaiso, for appellant.

Theodore L. Sendak, Attorney General, Lon D. Showley,
Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by affidavit in three
Counts: 1, assault and battery with intent to commit rape;
2, commission of a crime while armed with a deadly weapon;
and 3, kidnapping. Trial by jury resulted in a verdict of
guilty of Counts 1 and 2 and not guilty on Count 3. De-
fendant was sentenced to the Indiana State Reformatory for
the period of one to ten years on Count 1 and an additional
year to be served consecutively on Count 2.

The record reveals the following facts:

The prosecuting witness, Diane Davis, testified that as she
was driving along a public highway, the appellant, posing as a
police officer, forced her automobile off the road, informed her
that she had committed certain traffic violations and advised
her that he was going to take her directly to the police station.
After thus being forced into his automobile, she was taken to
a secluded country road where appellant struck her with a
police billy club he was carrying and attempted to have sexual
relations with her.

During the trial of this cause the appellant took the wit-
ness stand in his own behalf. Over the objections of appel-
lant's attorneys the State was permitted to cross-examine
the appellant concerning an alleged specific sexual attack upon
one Wilma Conrich, which attack the appellant denied. Sub-
sequently Wilma Conrich was called as a witness by the State

and testified concerning certain specific acts of misconduct by the appellant.

Among his allegations of error, the appellant claims the trial court erred in giving over his objection State's Tendered Instruction No. 13, which reads as follows:

"When a defendant tenders his supposed good conduct in evidence as has been done in this case, he thereby invites scrutiny; and, disclosure of specific instances of his misconduct, if any, may be considered to depreciate the weight of the testimony of his witnesses, on this subject, including himself, even though such evidence, if any, may incidentally impute to him other guilt.

"Further, in rebuttal, the State may show specific acts of bad moral conduct on the part of the defendant and such evidence, if any, goes to the weight to be given by you to the testimony of the defendant and his witnesses upon the subject of his conduct."

Appellant also alleges the related error of allowing the prosecuting attorney over objection to cross-examine the appellant regarding specific acts of misconduct as above set out. A very similar situation was passed upon by this Court in the case of *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558. After reciting a very similar set of facts to those in the case at bar the Court observed at page 325:

". . . This was not an attempt by the State to prove other specific acts to show scheme, plan, intention or design which were held admissible in *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769, and if it had been offered for such purpose it should have been introduced by the State in its evidence in chief. The Prosecuting Attorney stated that such testimony was 'a matter of rebuttal, purely and simply rebutting the testimony of this defendant's various character witnesses, to show what the moral character of this man is.' 'Evidence of specific acts is not competent to prove general reputation.'" (Citing authorities.)

When a defendant takes the witness stand, the State may cross-examine him concerning his credibility. However, in so

doing the State is not permitted to inquire into specific acts of misconduct other than prior convictions. The question of what may be asked of a criminal defendant on cross-examination has been of considerable concern in many cases in Indiana. This Court in the case of *Petro* v. *State* (1933), 204 Ind. 401, 184 N. E. 710, felt it necessary to describe in some detail the reasoning for the rule which we are affirming here today. We feel that it is appropriate to quote at length from the *Petro* case, from pages 411 and 412, and reaffirm that principle of law:

> "There seems to be some doubt as to the rule in this state on the admission of such evidence, but, when all the cases are analyzed, we are of the opinion that they are, with few exceptions, in harmony, and that they hold, where the question has been properly presented, that such question as above is not proper. And there is good reason for such holding. One of the instructions generally given, or at least should be given, in a criminal case to the jury is that the jury should not consider the affidavit or indictment in the case as evidence of guilt or innocence of the defendant, and it certainly would be erroneous for the court to instruct the jury that they could consider the mere fact that such affidavit or an indictment had been filed for the purpose of effecting the credibility of the defendant in case he testified. A man is presumed to be innocent until proven guilty beyond a reasonable doubt, and the mere fact that an indictment or affidavit has been filed is no evidence of his guilt. And the mere fact that a person has been arrested or a charge placed against him is no evidence of his guilt, and should not be the basis of a question to affect his credibility as a witness. If there has been an arrest or a charge (the word used in the question) and this followed by a conviction, then an entirely different question would be presented, and such evidence would be admissible as affecting the credibility of the witness."

See also *Ewbanks Indiana Criminal Law, Symmes Edition,* § 339 and authorities cited therein.

We, therefore, hold that it was reversible error for the trial court to permit the cross-examination of the defendant concerning prior specific acts of misconduct upon his part.

It was likewise reversible error for the court to give State's Instruction No. 13.

The State has cited *Wells* v. *State* (1959), 239 Ind. 415, 429, 158 N. E. 2d 256, wherein it was stated that a defendant may be cross-examined regarding his unlawful conduct or convictions, if he has taken the witness stand and placed his credibility as a witness in issue. We overrule the statement in *Wells* that a defendant may be examined as to specific acts of unlawful conduct. The *Wells* case is correct only in that he may be examined as to prior convictions.

The trial court is therefore reversed. The cause is remanded with instructions to grant appellant's motion for new trial.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, C.J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, C.J.—I am unable to agree with the majority opinion in this case, which holds in effect that neither a witness nor a defendant who takes the stand may be cross-examined as to specific acts of misconduct or unlawfulness that might be degrading, etc. I cannot go along with such a statement since I think it is contrary to the weight of authority.

As I conceive the law, it is as follows. Where a defendant, without taking the stand as a witness, puts in issue his character for peace and quietude, for example in an assault and battery or murder case, the State is entitled to offer witnesses as to his general reputation on the same issue, but cannot, in rebuttal, go into *specific acts,* of course. However, if one of the witnesses says that the reputation of the defendant for peace and quietude is good, he may be asked, for example, if he has not heard of a fight the defendant had with

a constable in which he injured him, shot him, etc. Those are specific acts that may be inquired into on cross-examination. I feel the majority opinion is too broad in its statements regarding specific acts and bars such type of cross-examination of a witness, including a defendant who takes the stand.

I agree with *Woods* v. *State,* cited in Judge Givan's opinion, but it stands only for the proposition that you cannot introduce evidence in rebuttal as to specific acts affecting a witness's reputation except convictions. *Petro* v. *State* (1933), 204 Ind. 401, 184 N. E. 710 was decided correctly. The only question there to be decided was whether or not a witness may be asked about being arrested (without any conviction) or about a criminal charge pending against him. The answer of course is no. The remaining portions of the opinions in the above cases are dicta. The comments therein go beyond the facts in issue. Of course, being arrested is not an act of misconduct. I think the law stated in *Wells* v. *State* (1959), 239 Ind. 415, 158 N. E. 2d 256, makes the distinctions clear and should remain the law in Indiana. We find in 58 Am. Jur., *Witnesses,* § 761, p. 413:

> "Under the rule that an accused is subject to cross-examination as to all matters to which an ordinary witness would be subjected, it is permissible in many jurisdictions to ask him questions as to particular acts of misconduct or wrong-doing, although they may tend to disgrace or degrade him." (footnotes omitted)

It is true there are two lines of authority, one limiting cross-examination strictly, as in the majority opinion. The other line of authority permits a broad area of cross-examination, limited to some extent by the discretion of the court, if the court feels the cross-examiner is abusing the privilege. The latter rule, to me, has the greater merit. I feel under proper regulation, a party should have the privilege of asking on cross-examination about specific acts of misconduct which would degrade or disgrace a witness and show that he is a scoundrel

and of no good repute. I feel the other rule unnecessarily throws a mask of respectability about witnesses and shields them from being shown to be unworthy persons.

I see no difference as affecting a witness' credibility for such a witness to admit that he is a horse thief on cross-examination in a particular instance and the showing of a conviction of such a crime in another case. To me, admission of unlawful conduct and convictions of the same conduct have like effects upon the matter of credibility. The consequences are the same if he actually did the act and admits it as would be a conviction. One incident goes to his credibility as much as the other if admitted. I agree that if he denied being a horse thief, for example, that ends the matter so far as the trial is concerned on that issue. Then, the only penalty would be perjury, if he lied.

I believe McCormick on Evidence, *Character,* §§ 42-43, p. 87 fully and fairly states the law involved:

"The English common law tradition of 'cross-examination to credit,' permits the counsel to inquire into the associations and personal history of the witness, including any particular misconduct which would tend to discredit his character, though not the subject of conviction for crime. Apparently, the courts trust usually to the disciplined discretion of the bar, to avoid abuses, though restraint by the court by informal intervention is not unknown.

In this country, the danger of victimizing witnesses and of undue prejudice to the parties, has led most of our courts to recognize that this kind of cross-examination, though permitted, is subject to a discretionary control by the trial judge. Some of the factors, in addition to those of undue humiliation and unfair prejudice, already mentioned, which may, it seems, sway discretion, are (1) whether the testimony of the witness under attack is crucial or unimportant, (2) whether the misconduct inquired into is relevant to truthfulness, such as false swearing, fraud and swindling, or bears only on 'general bad character' such as acts of violence or unchastity, (3) the nearness or remoteness of the misconduct to the time of trial, and (4)

whether the matter inquired into is such as to lead to time-consuming and distracting explanations on cross-examination or re-examination.

A minority of jurisdictions in this country, including Massachusetts, Pennsylvania, Texas, and California and the states following its Code, avoid the dangers of cross-examination as to particular misconduct not the subject of convictions, solely to discredit, by forbidding such cross-examination altogether.

In the formative period of Evidence law, there came to be recognized, as a sort of vague corollary of the privilege against self-incrimination, a privilege of a witness not to answer questions calling for answers which would degrade or disgrace him, provided such questions were not material to the issues in the case. The privilege, though sporadically recognized from time to time during the 1800s, has in the present century been generally abandoned, except as it is encysted in the Codes of a few states. The practical protection to the witness is not so effective as that given by courts which prohibit such cross-examination altogether, since the prohibitory rule will be invoked by counsel or by the court of its own motion, whereas the privilege must be claimed by the witness, and such a claim is almost as degrading as an affirmative answer.

The final curb on character-impeachment by proof of misconduct not the subject of convictions is the important and accepted rule that it is limited to cross-examination. Thus, if the witness denies the alleged misconduct, the examiner must 'take his answer,' not in the sense that he may not further cross-examine to extort an admission, but in the sense that he may not call other witnesses to prove the discrediting acts.

At common law the conviction of a person for treason or any felony, or for a misdemeanor involving dishonesty (*crimen falsi*), or the obstruction of justice, rendered the convicted person altogether incompetent as a witness. These were said to be 'infamous' crimes. By statutes which are practically universal in the common law world, this primitive absolutism has been abandoned and the disqualification for conviction of crime has been abrogated, and by specific provision or by decision has been reduced to a mere ground of impeachment of credibility." (footnotes omitted)

I think the law in *Wells* v. *State* (1959), 239 Ind. 415, 158 N. E. 2d 256, is well stated and is the law in this state. That case should not be overruled by using cases in which the dicta is to the contrary but the facts only support the result of such opinion.

To sum up, a witness' credibility may be attacked on cross-examination by asking about specific acts, but the answer may not be refuted by rebuttal evidence except where there has been a conviction. I further point out that the court does have discretion in limiting the scope of such cross-examination if it appears to be used for abusive purposes. I think the trial court's judgment in such matters should be upheld unless it is very apparent that there were no grounds for the court's action. As I stated before, to hold otherwise places a shield or mask of respectability about a witness which prevents showing that he is a scoundrel and is not entitled to the standing that he apparently has as a witness in court.

It has been said hundreds of times that when a defendant takes the stand he is in the same position as any other witness when it comes to cross-examination. I therefore disagree with the statement in the majority opinion that *Wells* v. *State, supra,* should be overruled and is no longer the law in this state.

NOTE.—Reported in 268 N. E. 2d 90.