May Term,
1853.

CLARK
v.
THE STATE.

*D. D. Pratt*, for the plaintiff.

---

## CLARK v. THE STATE.

A witness may be permitted to refresh his memory by referring to a memorandum written by himself or another, at or near the time of the occurrence to which he testifies; but he can then only testify from his recollection.

The fact that the memorandum was made out while the facts were fresh in his memory, and that he then knew that the particulars contained in the memorandum were correctly stated, is not sufficient.

*Monday,*
*May 30.*

ERROR to the *Henry* Circuit Court.

ROACHE, J.—Indictment charging the plaintiff in error with fixing a fraudulent value on his property liable to taxation, under s. 90, c. 53, R. S. 1843.

Upon a trial by a jury, he was found guilty. Motions for a new trial, and in arrest of judgment, overruled, and judgment on the verdict.

On the trial, one *Forkner* was offered as a witness on behalf of the state, to prove the number and value of the articles of personal property owned by *Clark* on the 1st day of *January*, 1846.

The witness testified that at the time mentioned, he lived near *Clark*, and was then well acquainted with his personal property; that on a former trial of this indictment, at the spring term, 1847, he was sworn as a witness and testified fully on the subject, and that then his recol-

lection was fresh and distinct as to the various articles of which his property consisted, and their value; that his testimony was, during said trial, reduced to writing by *Martin L. Bundy*, the attorney conducting the prosecution; that on the day after that trial, he procured *Bundy* to make out from the minutes thus taken of his testimony, an exact list of the several items of defendant's property, and their value, which list he then knew to be correct in all particulars, and was in exact accordance with the statements made by him at the trial on the previous day; that he knows the testimony then given by him was correct, and that the list was correctly made out from the evidence. The witness then proceeded to say "that, at this time he can only recollect the various kinds of property owned by said *Clark* on or about the 1st of *January*, 1846, but that he cannot recollect the quantity or number of each kind, or their value, and has no definite recollection on said points, and can only state them from said written memorandum, and has no recollection thereof at this time, as facts from the mind, but knows that the written memorandum is true from the circumstances above stated." Thereupon the Court permitted the memorandum to be read to the jury, as the evidence of the witness in the cause, in connection with his preceding statements.

A witness may be permitted to refresh his memory of facts, by referring to a written memorandum, written either by himself or by another, at or near the time of the occurrences; but the memorandum cannot be substituted in the stead of the recollection of the witness.

If an inspection of the writing recalls to the mind of the witness facts which he had previously known, but which had, at the moment, escaped his recollection, he can then testify to such facts as being within his own personal knowledge.

A different doctrine seems to have been held in some of the states; but the weight and current of decisions both in *England* and *America*, fully sustain these views. See the last *American* edition of 1 Phil. Ev. 289 and 458,

and 1 Stark. Ev. 128, and authorities there cited; and *Doe* v. *Perkins*, 3 T. R. 749.—*Kensington* v. *Inglis*, 8 East R. 273.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Rariden*, for the plaintiff.

*D. S. Gooding*, for the state.