Hull & Co. v. Alexander.

---

HULL & CO. v. ALEXANDER *et al.*

1. Demurrer: WAIVER OF. A demurrer to a pleading is waived by pleading over, and going to trial on the merits.

2. Evidence: MEMORANDUM: DEPOSITION. A paper or former deposition offered to refresh the recollection of the witness does not, of itself, become evidence; and it is necessary for the witness after inspecting it to be able to speak from his recollection. Nor is the rule changed by the fact that the memory of the witness has become impaired since the making of the paper or giving of the deposition.

3. Mortgage: ASSUMPTION OF BY PURCHASER. If it be stipulated in a conveyance or bill of sale of property that the purchaser assumes the payment of a mortgage existing thereon, he thereby renders himself liable therefor; but if the stipulation is that he merely takes the property subject to the mortgage, this liability is not incurred.

4. Practice: ARGUMENT OF COUNSEL. That counsel were permitted, in their closing argument, to comment upon matters not referred to by the opposite counsel, and to which they were afforded no opportunity for a reply, relates to a matter within the discretion of the court below, for which a case will not be reversed unless a clear case of abuse is shown.

VOL. XXVI. — 72

5. New trial: CONFLICTING EVIDENCE. A new trial will not be granted where the evidence is conflicting and within the peculiar province of the jury to pass upon.

*Appeal from Boone District Court.*

THURSDAY, APRIL 8.

ACTION upon two promissory notes. Defense, that they were given in part consideration for engine and mill machinery; that plaintiffs fraudulently represented that they were the owners thereof; that the same had been taken and sold from defendants under a mortgage upon the property at the time of their purchase, and they ask to recover back what they have paid, etc. Reply, that defendants were to pay the mortgage as part of the consideration for the purchase; fraud is denied. There was a jury trial, verdict and judgment for defendants for one dollar. The plaintiffs appeal.

*John A. Hull* and *John Porter* for the appellants.

*Mitchell & Kidder* for the appellees.

COLE, J. — I. The plaintiffs demurred to the answer of defendants, it was overruled, and they excepted; but they

1. DEMURRER: waiver of.

afterward filed a reply to the answer, and a full trial on the merits was had. This was a waiver of the demurrer, and of any exception to the ruling thereon. *Plummer* v. *Roads,* 4 Iowa, 587, and many other cases following it.

II. Plaintiffs introduced a witness, who testified that he was present when the defendant bought the mill

2. EVIDENCE: memorandum: deposition.

machinery, etc., of plaintiff; that his deposition had been taken in the case for the foreclosure of the mortgage upon the property, when his recollection was good; that since then he had been very.

sick with the mountain or brain fever, and could not now recall any thing that occurred before his sickness. And, therefore, plaintiff asked permission of the court to place the deposition in the hands of the witness, to refresh his recollection, and that he be permitted to read the answers therein as evidence to the jury. This being objected to by defendants, the court refused its admission, but instructed the plaintiff's attorney to direct the attention of the witness to the matter sought to be proved, by leading questions. To this ruling plaintiff excepted, and now assigns it as error. There was no error to the plaintiff's prejudice in the ruling of the District Court. The rule is well settled, that the paper offered to refresh the recollection of the witness, does not itself become evidence, so as to be read to the jury by the party offering it, but it is necessary that the witness, after inspecting the paper, shall be able to speak to the facts from his own recollection. 1 Greenl. on Ev. § 436, *et seq.* And it was expressly decided in *Clark* v. *The State* (4 Ind. 156), that the fact that the memorandum was made out while the facts were fresh in the witness' memory, and that he then knew that the particulars contained in the memorandum were correctly stated, would not entitle the party to introduce the memorandum, but the witness might refer to it to refresh his memory, but then could only testify from his own recollection. This rule is too well settled to need further discussion. In this case, the plaintiffs asked that the witness be permitted to read his former answers as evidence. This was rightfully refused.

III. The plaintiff gave the defendants a bill of sale of the engine and mill machinery, etc., as personal property, separate and distinct from the real estate upon which it was situated, and in which they neither held nor claimed any interest. The

3. MORTGAGE: assumption of by purchaser.

real estate the defendants purchased from another. The plaintiffs had manufactured the engine and mill machinery, etc., and sold it, taking a chattel mortgage to secure part of the purchase price; they afterward took the property from their vendees in payment of their claim, and then sold to these defendants; all parties treating it as personal property. The bill of sale contained no warranty of title. The general rule that the law implies a warranty of title by the vendor in possession of personal property, is conceded by the counsel for the respective parties; but the plaintiffs claim that it was a sale of an interest in real estate, and since there was no warranty of title, they could not be liable except upon proof of fraud. Upon this claim the plaintiffs asked several instructions, which were refused by the court, and objected to others, giving the opposite view, as well as making one or two points upon the evidence. All these are fully disposed of by holding, as we do, that it was the sale of personal property.

In the mortgage foreclosure case, in which the mortgagors, the original purchasers from plaintiffs, and in turn their vendors, were, together with these defendants, also defendants, it was adjudged that these defendants "had bought the property subject to the mortgage." Upon this, the plaintiff asked an instruction, that defendants were estopped to deny their liability to pay that mortgage. The court refused to so instruct, and this is assigned as error. The refusal was right. The purchase of property subject to a mortgage is one thing; while the purchase of property assuming to pay the mortgage then upon it, is quite another. In the former, the purchaser may pay the mortgage debt or suffer the property to be sold for its payment. In the latter, he must pay the mortgage debt; and though he suffer the property to be

sold under a foreclosure, if it fails to sell for enough to pay the mortgage debt, he must supply the deficit.

IV. The objection that the court permitted counsel for the defendants in their closing argument to refer to and

**4. PRACTICE: argument of counsel.** comment upon other portions of these defendants' answer in the foreclosure case, than such as were referred to by plaintiffs' counsel, and no opportunity afforded for a reply to such new portions, pertains to a question of discretion in the District Court, and no abuse of such discretion is shown. Hence, we cannot, for this alone, reverse the cause.

V. It is urged that the verdict is against the weight of evidence. Without seeing and hearing the witnesses

**5. NEW TRIAL: conflicting evidence.** testify, but looking alone to the evidence as we have it in this record, we should find the other way. But there is a direct conflict in the testimony, and many of the witnesses on either side are directly or indirectly interested. In such case, the jury are peculiarly fitted to determine the credibility of the witnesses and weight of the testimony, and the case must be a very strong one indeed to justify the reversal of a judgment on this ground by an appellate court. In this case, there was a full and fair trial, and the jury were very thoroughly and well instructed by the court, and doubtless substantial justice is attained. This cause has already been pending more than ten years. Let the judgment be

