ACTON *v.* STATE OF INDIANA.

[No. 25,598. Filed April 22, 1930.]

*Ralph C. McClurg*, for appellant.

*James M. Ogden*, Attorney-General, and *George W. Hufsmith*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—Appellant was convicted on an affidavit filed in the White Circuit Court charging him with the crime of rape on a female child. The charging part of the affidavit is as follows: That appellant, on or about the 15th day of July, 1927, at and in the county of White, State of Indiana, did then and there unlawfully have carnal knowledge of one Helen Lucas, the said Helen Lucas, then and there being a female child under the age of 16 years, to wit: 14 years.

Appellant has appealed from the judgment of conviction. He assigns as error: (1) That the court erred in overruling his motion for a new trial; (2) that the court erred in overruling his motion in arrest of judgment. The second assignment is waived by appellant failing to discuss the same in his brief under "Points and Authorities." *Kunkalman* v. *Gibson* (1909), 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72.

One of the specifications of error in appellant's motion for a new trial is that the court erred in its rulings on the giving and refusing of instructions, but it does not appear that the instructions were brought into the record by a bill of exceptions. The instructions in a criminal case can only be brought into the record by a bill of exceptions, and it must affirmatively appear from the record that such bill of exceptions was filed with the clerk, and the filing cannot be shown by mere recitals in the bill or the mark of the clerk thereon, but the filing of the bill must be done after it has been signed. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681, and cases there cited.

If it is not affirmatively shown by the record that the instructions were brought into the record by a bill of exceptions, no questions are presented on the giving and refusing of such instructions. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826.

Appellant alleges that the verdict of the jury is not sustained by sufficient evidence and the verdict of the jury is contrary to law. It is not contended by appellant that the person named in the affidavit is not the person upon whom the alleged offense was charged to have been committed, but appellant claims that the name of the prosecuting witness is not Helen Lucas, therefore the verdict is not sustained by sufficient evidence and is contrary to law.

In 1 Wharton's Criminal Evidence (10th ed.) §95, in discussing the sufficiency of an indictment, it is stated: "An indictment will not be held bad which gives a popular name as distinguished from a proper name; it will be enough to sustain the averment of a particular name, that the party was usually or popularly known by such name. . . . The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled

by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge."

In 1 Bishop's Criminal Procedure, §686, it is said: "A name by which the person is commonly known will be good, though differing from his name of baptism. Still the baptismal or other true name will be equally good, and either may be employed."

In Roscoe's Criminal Evidence (7th ed.) p. 86, it is stated that both christian and surname mentioned in the indictment must be proved as laid, but, if it be that by which the person is usually known, it is sufficient.

Appellant's brief does not disclose that he testified as a witness in the case, but an examination of the record shows that he did testify, and he testified, among other things: That he was not acquainted with the prosecuting witness personally but that he had known who she was for six or seven years; that he went riding with her in July, 1927; that, at that time, he had known her about six or seven years, but he didn't know how old she was; but he knew how old she claimed to be, and that she claimed to be 15 years old December 28, 1927; that he had known her all the time as Helen Lucas. He testified that the prosecuting witness, whom he had known all this time as Helen Lucas, and who was sitting in the court-room during the trial, was the same girl that the affidavit charged him with raping. He also testified that all the things about which he testified, happened in White County, Indiana.

Helen Lucas in her testimony testified to every material fact alleged in the affidavit upon which this prosecution is based. The father of the prosecuting witness testified that her name was Helen Lucas and that she never had any other name and was not known by any

other name. Her mother testified to substantially the same facts. None of this testimony is disputed by any other witness. However, the defendant in his testimony denies that he had sexual intercourse with the prosecuting witness and that he did not assault her or attempt to have intercourse with her.

The verdict rendered in this case was: "We, the jury, find the defendant, Wilbur Acton, alias John Southwick, guilty of assault and battery of the prosecuting witness, Helen Lucas, a female child under the age of sixteen years, with intent to commit a felony: rape upon her, and that his true age is 26 years."

Judgment was rendered on this verdict.

In *Underhill* v. *State* (1921), 190 Ind. 558, 130 N. E. 225, the court said: "The statute having made the act of sexual intercourse with a female child under sixteen years of age a crime, it must follow as a logical conclusion that the abuse of the person in an attempt to accomplish that act constitutes an assault and battery with intent to commit a rape, if sexual intercourse does not take place. If, under the law, a female under sixteen years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act."

The affidavit in this case charged the crime of rape. The verdict finds the defendant guilty of attempt to commit a rape. Such finding is not contrary to law. If the affidavit charges rape and the evidence shows that rape was actually committed, the verdict or finding that appellant was guilty of a lesser offense was not contrary to law. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Polson* v. *State* (1893), 137 Ind. 519, 35 N. E. 907.

In considering whether a verdict is supported by sufficient evidence, we can consider only the evidence sus-

taining the verdict, and cannot give any credence to the evidence which contradicts this evidence which supports the verdict. *Humble* v. *State* (1928), 199 Ind. 653, 160 N. E. 41; *Thompson* v. *State* (1928), 199 Ind. 697, 160 N. E. 293; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

The verdict is supported by sufficient evidence and is not contrary to law.

Judgment affirmed.