JERRY S. HART *v.* STATE OF INDIANA.

[No. 977S673. Filed May 9, 1978.]

*Richard L. Swartz, Reading and Swartz,* of Wabash, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of armed robbery and sentenced to a term of twenty years.

The evidence most favorable to the State reveals that on August 12, 1976, appellant entered the Kary Out Liquor Store in Wabash, Indiana, wielding a sawed-off shotgun and robbed the store. Both store employees identified the appellant, whom they knew as a customer, as the robber. Appellant's factory supervisor testified that he saw appellant in a part of the plant on the night of the robbery and a few days later he found a sawed-off shotgun identified as the robbery weapon in that part of the plant. Appellant was arrested eleven days after the robbery. In the car he was driving was found a sackful of rolled coins similar to those taken at the robbery.

Appellant contends the trial court erred in permitting the State to produce a witness on rebuttal who had worked with the appellant. This witness testified that two or three years prior to the robbery the appellant had told him that he was going to rob the Kary Out Liquor Store and that it looked rather easy. Appellant contends this testimony should have been excluded because it was immaterial, remote and inflammatory against him when he had not placed his character in issue.

Evidence of prior statements is admissible subject to exclusion for remoteness at the discretion of the trial court. *Austin* v. *State,* (1974) 262 Ind. 529, 319 N.E.2d 130. Evidence tending to prove a material fact is admissible event though its tendency in that direction is slight. *Pirtle* v. *State,* (1975) 263 Ind. 16, 323 N.E.2d 634. All circumstances relative to or tending to shed light on the intent or motive of the defendant or tending fairly to explain his actions are admissible even though they occurred prior to the crime. *Fausett* v. *State,* (1942) 219 Ind. 500, 39 N.E.2d 728. In the case at bar, the testimony tends to prove the

motive and intent of the appellant in planning and carrying out his criminal act. The evidence is no more inflammatory than other substantive evidence of his guilt, nor is it so remote so as to warrant reversal for an abuse of discretion for failure to exclude. The trial court was well within its discretion in permitting the evidence to be introduced.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 375 N.E.2d 221.