Donald E. McCAWLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1179S301.

Supreme Court of Indiana.

Sept. 10, 1980.

Michael J. McDaniel, New Albany, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with rape, a Class A felony, and convicted of rape, Class B felony. He was sentenced to a ten–year term with an additional ten–year term imposed for aggravated circumstances. We affirm.

The record reveals that the appellant, a grandson of a rural neighbor, requested permission to hunt on the victim's property. He later returned to the victim's home complaining of a sprained ankle. The appellant requested to use the telephone to call a relative for help. When he stated there was no answer to his call, the victim offered to drive him home. As she got her keys, the appellant lowered his gun at the victim. He ordered her to disrobe and have sexual intercourse while holding her at knife point. He then demanded that she bathe. He threatened to hit her head on the bathtub and drown her, making her death appear to be an accident.

He allegedly telephoned someone only identified as "Jim" to arrange the death of the victim's severely handicapped son if she or her husband reported the rape to the authorities. The victim reported the rape. As a result of a hospital examination, sperm was found in the victim's vagina.

The appellant was arrested the following day. Appellant called an alibi witness to corroborate his whereabouts during the morning of the rape. The witness also testified on cross examination that she was a friend of the appellant's, saw him on a daily basis where they were both employed and had dated him on a couple of occasions. She further testified that she had been previously hospitalized for psychiatric treatment.

■ Appellant claims there is insufficient evidence to support the conviction of rape. The Court will not weigh the evidence or judge the credibility of witnesses. Viewing the evidence in the light most favorable to the State, we will not set aside the verdict if there is sufficient evidence of probative value from which the trier of fact could have found the defendant guilty be-

yond a reasonable doubt. *Spaulding v. State* (1978) Ind., 373 N.E.2d 165.

Uncorroborated testimony of a rape victim is sufficient evidence to support a conviction. This may hold true in the face of alibi testimony. *Dixon v. State* (1976) 264 Ind. 651, 348 N.E.2d 401.

■ Appellant further argues that the conviction of a lesser included offense of rape, Class B felony, smacks of a compromise verdict. However if the evidence is sufficient to support the verdict of a lesser included offense, the verdict cannot be considered a compromise. *Hitch v. State* (1972) 259 Ind. 1, 284 N.E.2d 783. We therefore hold the verdict was sufficient under the law.

■ Appellant next claims the trial court erred in augmenting the base sentence for a Class B felony of ten years by ten years as permitted by IC Sec. 35–50–1A–7. Pertinent portions of the statute read as follows:

". . . (a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

\*  \*  \*  \*  \*  \*

"(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

"(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

"(2) The person has a history of criminal activity.

"(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

"(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

"(5) The victim of the crime was sixty–five [65] years of age or older.

"(6) The victim of the crime was mentally or physically infirm.

"(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence."

In sentencing the appellant, the trial court found that the threat of killing the victim and her son, the preplanning of the offense and appellant's prior criminal activity to be aggravating circumstances. We hold the trial court did not err in augmenting the base sentence.

■ Appellant further argues that the verdict of guilty of the lesser included offense indicates the jury declined to believe some portion of the victim's testimony. Thus he reasons reliance on the victim's testimony in augmenting the sentence was error. We decline to speculate on the weight given to the victim's testimony by the jury in their deliberations, and the manner in which they reached the verdict. We likewise will not speculate as to the use the trial judge may have made of the victim's testimony in the augmentation of the sentence.

It was within the province of the jury to find the appellant guilty of the Class B felony. It was also within the discretion of the trial court to increase or decrease a sentence according to aggravating circumstances. Under our standard of appellate review of sentences, Rule 2, we find that the sentence is not manifestly unreasonable in this case.

The trial court is in all things affirmed.

All Justices concur.