Tony Monroe LEWIS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–1279A381.

Court of Appeals of Indiana,
Fourth District.

Sept. 25, 1980.

Rehearing Denied Nov. 12, 1980.

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Tony Monroe Lewis appeals his conviction of burglary urging that the trial court erred in the following respects.

(1) Denying his motion for continuance;

(2) Giving a so–called "Allen" charge;

(3) Overruling his motion for dismissal at the close of the State's evidence;

(4) Entering a judgment for burglary, a Class B felony.

Because of our disposition of this matter it is only necessary to discuss the second issue raised by appellant. Appellant contends that the trial court's giving of an Allen charge was error and in violation of his rights to a fair and impartial trial by jury as guaranteed by the Sixth Amendment of the United States Constitution. The argument by appellant is similar to that made in the many cases, both state and federal, where the issue has been raised, namely, that such an instruction is coercive in that it unduly emphasizes the importance of reaching a verdict and is a forbidden judicial commentary upon the evidence.

Here, after the jury heard arguments and final instructions, they went to dinner at 5:45 p. m. under instruction to return within an hour to commence their deliberations. We assume they did so, although the record is not clear. At 10:50 p. m., the jury returned into open court and reported that it was unable to reach a verdict.[1] "Further instructions" were requested.[2] Over objection of defense counsel the following instruction was given:

This is an important case, to all parties involved, and if you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of some time. Another trial would be a heavy burden on both sides.

There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you.

---

1. The entry in the order book indicates this verbiage but the instruction contains an unsigned statement of the trial judge that the jury reported it was "deadlocked." Apparently no record was made of the jury's exact report which would have been helpful for our purposes of review.

2. Final instructions were sent to the jury room.

Any future jury must be selected in the same manner that you were.

These matters are mentioned now because some of them may not have been in your thoughts.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each others (sic) views and talk over any difference of opinion in a spirit of fairness and candor. If at all possible you should resolve any difference and come to a common conclusion so that this case may be completed.

You may be leisurely in your deliberations as the occasion may require and take all the time you feel necessary.

The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary you should consider this instruction together with and as a part of the instructions which I previously gave you.

You may now retire and continue your deliberations in such a manner as may be determined by your good judgment as reasonable people.

Twenty minutes later, the jury reported that it had reached a verdict.

The propriety of this instruction was discussed recently in *Guffey v. State,* (1979) Ind.App., 386 N.E.2d 692 and, although the giving of the instruction was held not to be reversible error, it was not without criticism. "The second paragraph dangerously approaches commenting on the evidence and the conduct of the trial and we do not recommend its use." 386 N.E.2d at 698. The criticism of this type of instruction is that by its use the judge compels the jury to reach a verdict when it might otherwise not do so and thus denies the parties a fair trial. We agree with this additional criticism and hold that the continued use of this type of instruction is improper and should be discontinued.

Since deliberation of the jury is secret, it is impossible for any court, trial or appellate, to determine with any reasonable degree of accuracy what effect such an instruction may have on any jury. Any point made in the instruction might have the effect of persuading any of the jurors to reach a certain result. The relationship between the trial judge and the jury by its nature places the former in a uniquely dominating position. When the jury is deliberating, the role of the trial judge is most important. The jury is in the process of fact–finding. If frustrated in that process, it looks for direction. In providing guidance at this stage to the jury, the trial judge must, in light of his responsibility to ensure that the defendant obtain a fair trial, guard against improperly or unduly influencing the jury. Yet, there has to be a balance point at which the trial judge, representing all of our society with its interest in the efficient administration of justice and the avoidance of an unreasonable number of retrials, may speak and when he may not. He is without guidelines presently. This frustration with imprecision is demonstrated by Judge Swygert's opinion in *United States v. Brown,* (7 Cir. 1969) 411 F.2d 930, 932–33 (footnotes omitted):

> The . . . contention of the defendant is that the emphasis of the supplemental charge upon the importance of reaching a verdict and not upon an individual juror's voting in accordance with his conscientious conviction is coercive and hence violative of due process. We agree with the defendant that the potential for coercion exists whenever an apparently deadlocked jury is subjected to the psychological impact of a supplemental instruction from the judge that they continue deliberating in a further effort to reach a verdict. The defendant has suggested that a mistrial from a hung jury is a safeguard to liberty. But to

fully recognize the importance of a mistrial in our system of criminal justice and to carefully seek avoidance of unconstitutional coercion of the juror's judgment does not necessitate our holding that no form of supplemental instruction is proper. In our opinion, additional instructions, similar to those given in the present case, may serve a beneficial role in the adjudication of cases despite the possibility of rare prejudice to the defendant. The defendant urges that coercion is present whenever the judge recalls the jury after hours of deliberation. We disagree. We think that carefully worded and timed supplemental instructions are not necessarily unfair. Although we have reviewed the evidence in the instant case and have attempted to gauge the effect of the supplemental charge upon the jury, it would be less than candid to say that we have applied any coherent theory of what constitutes a coercive charge. Because the available tests of coercion are so imprecise in deciding the propriety of giving an Allen–type charge we are forced to indulge in a form of question–begging. This is necessarily so when dealing with the issue herein presented. The current scholarship in this area likewise recognizes our dilemma. *See* Note, On Instructing Deadlocked Juries, 78 Yale L.J. 100, 105 (1968).

The length of deliberation and the length of post–supplemental instruction deliberations are no indicia of coercion *per se*. Any appeals court that adopts that standard of review is speculating. *Brown, supra.* The dilemma is more productively solved by disavowing the Allen type instructions here given and adopting the procedure mandated by the United States Court of Appeals for the Seventh Circuit in *United States v. Silvern*, (7 Cir. 1973) 484 F.2d 879, 883 (footnotes omitted):

If a supplemental instruction is deemed necessary and *provided that the following instruction has been given, prior to the time the jury has retired*, it may be repeated:

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

[Emphasis ours.]

This technique, if utilized by our trial courts, would avoid claims of violation of constitutional rights and the attendant criticism voiced by the courts and commentators. It would lend a uniformity of practice and more importantly, strike a balance between the responsibility of the trial judge to avoid unnecessary retrials and to protect the rights of defendants to a fair trial.

Reversed for a new trial.

CHIPMAN and MILLER, JJ., concur.