**Norville WHITE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 880S229.

Supreme Court of Indiana.

March 19, 1981.

Kevin B. Relphorde, Gary, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Chief Counsel, Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with Attempted Rape, a Class *A* Felony, and was convicted, following a trial by jury, of Attempted Rape, a Class *B* Felony. This direct appeal presents the sufficiency of the evidence as the sole issue.

The Class A Felony charged, Ind.Code § 35–41–5–1, § 35–42–4–1 (Burns 1979), was an attempt to rape the prosecutrix while armed with a knife. The Class B Felony of which the defendant was convicted is a lesser offense necessarily included in the offense charged, differing only in that commission of the Class B offense does not require the element of being armed.

The evidence most favorable to the State revealed that the defendant attacked the prosecutrix and her male companion as they were walking past a school building and drinking wine at about 10:30 a. m. Her companion extricated himself, and enlisted aid from a policeman. When the policeman arrived on the scene Defendant and Prosecutrix were in a doorway or alcove of the building, an area approximately three feet by eight feet. Both were standing, the defendant fully dressed, and the prosecutrix nude from the waist down.

The prosecutrix testified that before the police arrived, Defendant had had her in the alcove, on the ground and with a knife at her throat and his penis exposed and tried to rape her. However, no knife was found at the scene or on the defendant's person.

The defendant testified that he was acquainted with the prosecutrix and that a short time earlier he had given her five dollars to buy some wine, beer and cigarettes and that she was to return. After six to ten minutes she had not returned, and he went in search of her. He found the prosecutrix who, by then had been joined by her companion, asked why she had not returned, and they accosted him. He denied that he had attempted to rape her.

It is the defendant's argument that inasmuch as the jury returned a verdict of

guilty on the Class B offense, it rejected the prosecutrix's testimony that he had threatened her with a knife. From this point, he argues that the verdict was entirely dependent upon her credibility and that since the jury rejected her testimony concerning the knife her credibility was so suspect as to be inadequate, to support a finding of guilty, beyond a reasonable doubt. Defendant cites no authority to support his apparent contention that the finder of fact may not accept part of a witness' testimony and reject part, and we reject such a thesis.

> "It is for the trier of the action to reconcile, reject or accept part of disputed or conflicting testimony, even when made by the same witness and that witness is a party to the action." *Leader v. Bowley,* (1961) 132 Ind.App. 528, 543, 178 N.E.2d 445.

▋ Defendant, however, is in error if he assumes, as he apparently does, that the Class B conviction, of necessity precluded a finding by the jury that he was armed.

In *Widup v. State,* (1967) 250 Ind. 1, 230 N.E.2d 767, Appellant had been charged with forcible rape and convicted of the lesser included offense of assault with intent to commit the felony of rape. There was sufficient evidence presented to support a verdict of guilty of the crime charged, and the court rejected the appellant's contention that the refusal of the jury to find him guilty of rape necessarily determined that there had been no threat of force, etc. which were necessary to sustain the lesser included offense.

In *Acton v. State,* (1930) 201 Ind. 686, 171 N.E. 197, we held that if the evidence shows that the charged crime of rape was committed, a verdict that the appellant was guilty of a lesser included offense was not contrary to law, saying "In considering whether a verdict is supported by sufficient evidence, we can consider only the evidence sustaining the verdict, *and cannot give any credence to the evidence which contradicts this evidence * * *.*" 201 Ind. at 690–91, 171 N.E. 197. (Authorities cited) (Emphasis ours).

In *McCawley v. State,* (1980) 409 N.E.2d 594, the appellant complained that his conviction of a lesser included offense (Rape Class B Felony) on a charge of Rape Class A Felony, "smacked" of a compromise verdict; and we held that a conviction could not be considered a compromise where the evidence was sufficient to support it. *Also see Caudill v. State,* (1946) 224 Ind. 531, 69 N.E.2d 549; *Butler v. State,* (1978) Ind. App., 380 N.E.2d 611.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.