Constantine PARKER,
Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.

No. 3–1080A328.

Court of Appeals of Indiana,
Third District.

July 30, 1981.

Rehearing Denied Sept. 11, 1981.

Max Cohen, David Capp, Cohen & Thiros, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Constantine (Connie) Parker was tried on a charge of murder and convicted of involuntary manslaughter. The issues raised by Connie in this appeal are:

(1) whether the jury's verdict was an improper compromise verdict;

(2) whether portions of the State's cross-examination of Connie were improper; and

(3) whether the trial court erred in sentencing Connie to the maximum term of eight years plus a fine of $10,000.

The evidence reveals that Richard and Connie Parker were married in 1963. Richard and Connie worked together and eventually acquired five service stations. The Parkers were also involved in a gasoline brokerage agency. In 1978 Richard and Connie began having serious marital problems. They separated in July of 1979. Later, Richard and Connie mutually agreed to file for a divorce.

Early in the morning of November 19, 1979, Connie went to the offices of the Parker Oil Company and got a key to one of the service stations. Connie went to the station and set off the burglar alarm knowing that Richard would respond. Connie then went back to the main office to wait for Richard.

Richard and a friend, Mary Louise Parker, arrived at the office to turn off the alarm. Richard went into the building while Mary Louise waited in the car. Within seconds after Richard left the car, Mary Louise heard five gunshots. Four shots were in succession followed by a pause, then a fifth shot. Mary Louise looked toward the building and saw Connie standing inside the building. Mary Louise then drove away to notify the police.

Richard was found dead in the office. An autopsy revealed that he had been shot twice. One wound was to the third finger on his left hand. The fatal wound resulted from a bullet entering the left side of his back which severed the aorta. No gunpowder residue was found at the entrance site of the bullet.

Connie was tried for murder. The jury was also given an instruction on attempted murder along with instructions on lesser included offenses. After several hours of deliberation, the jury notified the judge that its members could not agree on a single verdict. The judge brought the jury back into the courtroom and gave it an "Allen" instruction.[1] The jury later returned a verdict finding Connie guilty of involuntary manslaughter.

Connie asserts that her conviction for involuntary manslaughter should be reversed because it is the result of a court induced compromise verdict. As support for this argument, Connie refers this Court to three alleged errors made by the trial court which served to encourage a compromise verdict. The errors claimed by Connie include: 1) giving of the "Allen" charge, 2) giving an attempted murder instruction, and 3) refusing a tendered instruction which set out guidelines for the jury to follow in analyzing the lesser included offenses.

It is well settled that a conviction for a lesser included offense cannot be considered a compromise verdict where the evidence is sufficient to support it. *White v. State* (1981), Ind., 417 N.E.2d 912; *McCawley v. State* (1980), Ind., 409 N.E.2d 594. " 'In considering whether a verdict is supported by sufficient evidence, we can consider only the evidence sustaining the verdict, and cannot give any credence to the evidence which contradicts this evidence.' "

*White v. State, supra,* 417 N.E.2d at 913, citing *Acton v. State* (1930), 201 Ind. 686, 171 N.E. 197.

The evidence is uncontroverted that Connie fired the shots that killed Richard. Although Connie testified that the shots were fired during a struggle for the gun, the jury was not required to believe her testimony. Evidence that the defendant shot the victim is sufficient to support a conviction for battery. *Colburn v. State* (1978), Ind.App., 383 N.E.2d 378; *Padgett v. State* (1978), Ind.App., 380 N.E.2d 96. Intent to commit a battery may be determined from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points. *McIntosh v. State* (1970), 254 Ind. 484, 260 N.E.2d 775. The evidence is sufficient to raise the inference that Connie fired the gun at Richard with the intent to injure him. Because Richard died as a result of the battery, the evidence is sufficient to sustain the jury's verdict on involuntary manslaughter.[2] The verdict therefore cannot be considered a compromise verdict.

Connie next contends that the trial court erred in permitting the State, on cross-examination, to ask her whether she had had sexual relations with a Foster Harris. Connie contends that the question is irrelevant, improper for impeachment purposes and caused the jury to be unduly

1. The instruction read as follows:
"LADIES AND GENTLEMEN:
This case has been tried long and hard. It has been tried well and you have been attentive. It is an important case. No verdict obviously results in no finality for either the State or Defendant. There is no reason to think that the case could ever be tried any better by any other counsel nor be tried better by any other jury. The Court and counsel appreciate your efforts, but I ask you to reexamine your own positions, not with an intent of surrendering an honest opinion, but with the thought of giving additional consideration to the views of your other jurors in a last ditch effort to give this cause finality."
The "Allen Charge" is derived from the case of *Allen v. United States* (1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528. Similar instructions have recently been approved by this Court.

*See, Burnett v. State* (1981), Ind.App., 419 N.E.2d 172; *Guffey v. State* (1979), Ind.App., 386 N.E.2d 692. *Contra, Lewis v. State* (1980), Ind.App., 409 N.E.2d 1276 (transfer pending).

2. IC 1971, 35-42-1-4 (Burns 1979 Repl.) provides:
"Involuntary manslaughter.—A person who kills another human being while committing or attempting to commit:
(1) A class C or class D felony that inherently poses a risk of serious bodily injury;
(2) A class A misdemeanor that inherently poses a risk of serious bodily injury; or
(3) Battery;
commits involuntary manslaughter, a class C felony. However, if the killing results from the operation of a vehicle, the offense is a class D felony."

prejudiced against her. Connie cites *Hensley v. State* (1971), 256 Ind. 258, 268 N.E.2d 90; *Woods v. State* (1954), 233 Ind. 320, 119 N.E.2d 558 and *Otto v. State* (1980), Ind. App., 398 N.E.2d 716 as authority for the proposition that improper evidence of prior misconduct is reversible error.

The State failed to introduce any evidence to show that Connie was in fact having sexual relations with Harris. It appears that the prosecutor was conducting a fishing expedition with the hope of bringing such evidence before the jury. The question, in this posture, is improper. The improper question does not, however, automatically mandate reversal. The prejudicial effect of the question was minimal inasmuch as Connie denied having sexual relations with Harris. The cases cited by Connie are distinguishable in at least two notable aspects. First, the evidence admitted in response to the improper questions established that incidents of past misconduct had actually occurred. The evidence in the present case shows that no past misconduct had occurred. Secondly, in the cases cited, the past misconduct involved prior crimes. There is no suggestion of prior crimes in the present case. Any prejudice against Connie as a result of the improper question is insufficient to require a reversal.

■ Connie also contends that the State improperly used documents pertaining to the pending divorce proceeding during its cross-examination of her. Connie objected on the ground that the State failed to properly authenticate the documents. Connie also objected to the relevancy of the testimony regarding the second document.

The record indicates that the documents in question were used to refresh Connie's recollection and were not in themselves submitted as evidence. The foundational requirements for using a written memorandum to refresh a witness's recollection were established by the Indiana Supreme Court in *Clark v. The State* (1853), 4 Ind. 156, at 157:

"A witness may be permitted to refresh his memory of facts, by referring to a written memorandum, written either by himself or by another, at or near the time of the occurrences; but the memorandum cannot be substituted in the stead of the recollection of the witness.

"If an inspection of the writing recalls to the mind of the witness facts which he had previously known, but which had, at the moment, escaped his recollection, he can then testify to such facts as being within his own personal knowledge."

*See also, Carter v. State* (1980), Ind.App., 412 N.E.2d 825.

Connie was given the documents and asked if they refreshed her memory concerning her pending divorce. After reading the documents Connie testified that they had refreshed her memory. This was sufficient foundation to permit Connie to testify as to her refreshed recollection.

■ The second document was a non-executed agreement prepared at Connie's request. This document had not been executed because Richard did not agree to all of its provisions. One of the provisions he disagreed with concerned the operation of the business in the event of his death. This evidence was not admitted to show that the future operation of the business was a motive behind Richard's death, but rather, that there existed a disagreement between Connie and Richard regarding the divorce action.

The existence of a disagreement regarding the divorce action was relevant to show either intent or motive. The Indiana Supreme Court has held that:

"All circumstances relative to or tending to shed light on the intent or motive of the defendant or tending fairly to explain his actions are admissible even though they occurred prior to the crime."

*Hart v. State* (1978), 268 Ind. 358, at 359, 375 N.E.2d 221, at 222.

The evidence of the disagreement was therefore properly admitted. The weight to be given this evidence was for the jury to determine.

■ Connie contends finally that the trial court erred in sentencing her to the max-

imum term of eight years in prison plus a fine of $10,000. In particular Connie argues that the court ignored certain evidence of mitigating circumstances and considered inappropriate factors as aggravating circumstances.

IC 1971, 35–50–1A–7 (Burns 1979 Repl.) provides:

"Criteria for sentencing.—(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

(b) The court may consider these factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:

(1) The crime neither caused nor threatened serious harm to persons or property, or the person did not contemplate that it would do so.

(2) The crime was the result of circumstances unlikely to recur.

(3) The victim of the crime induced or facilitated the offense.

(4) There are substantial grounds tending to excuse or justify the crime, though failing to establish a defense.

(5) The person acted under strong provocation.

(6) The person has no history of delinquency or criminal activity, or he has led a law-abiding life for a substantial period before commission of the crime.

(7) The person is likely to respond affirmatively to probation or short-term imprisonment.

(8) The character and attitudes of the person indicate that he is unlikely to commit another crime.

(9) The person has made or will make restitution to the victim of his crime for the jury [sic], damage, or loss sustained.

(10) Imprisonment of the person will result in undue hardship to himself or his dependents.

(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five [65] years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence."

The trial court found as a mitigating circumstance that Connie has no prior criminal record. Connie asserts that the court should also have found that her imprisonment would work a hardship on her children in that she is now the only surviving parent. Connie also argues that the trial court should have found that underlying the incident was a very emotional divorce proceeding which cannot now recur. These circumstances arise however, only as a result of Richard's death. The jury found that Connie was the cause of his death. It certainly is not an abuse of discretion for the trial court to refuse to consider these factors as mitigating circumstances.

Connie also contends that the uncontroverted evidence shows that Richard facilitated the crime by first reaching for the gun. As noted previously, the evidence is sufficient for the jury to conclude that Connie committed a battery which resulted in Richard's death. In reaching its verdict, the jury necessarily disbelieved Connie's testimony that the shooting was either accidental or in self-defense. Connie has again failed to show an abuse of discretion.

Connie objects to the trial court describing the circumstances of the case as showing "a cunning and bizarre attitude on the part of the defendant." The evidence clearly shows that Connie developed a scheme to summon Richard to the office very early in the morning by activating the alarm system. The evidence also shows that Connie may have been contemplating this scheme for a period of time. Finally the evidence shows that Connie intended to injure Richard by shooting him from behind. Although the phrase "cunning and bizarre" as it describes the circumstances of this case, may not have been sufficient to justify the maximum sentence, the trial court found other circumstances which do justify the sentence. Specifically, the trial court found that: 1) Connie was in need of rehabilitative treatment that can best be provided by a penal facility and 2) the imposition of a lesser sentence would depreciate the seriousness of the crime. These are proper considerations under the statute which support the addition of three years to the basic term. The evidence does not sustain a finding that the sentence is manifestly unreasonable. The sentence therefore cannot be revised. Ind.R.App.Rev.Sent., Rule 2; *Hollon v. State* (1980), Ind., 398 N.E.2d 1273.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

CHIPMAN, J., Participating by Designation, concurs in result with opinion.

CHIPMAN, Judge, concurring.

I concur with the result reached by the majority but do not condone the use of the "Allen charge" by the court when the jury was unable to arrive at a unanimous verdict. This court has approved of the typical Allen instruction at different times but it was the basis of reversal in the Fourth District opinion in *Lewis v. State*, (1980) Ind.App., 409 N.E.2d 1276 (transfer pending). The problem faced by Parker in this case is her failure to object to the instruc-

tion and thus a waiver of any error by the court. *Decker v. State*, (1979) Ind.App., 386 N.E.2d 192. In addition, appellant did not include this issue in her Motion to Correct Errors and therefore I would arrive at the same conclusion as the majority in affirming defendant's conviction.