**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 23 2013, 9:30 am
*Kevin S. Smith*
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTWAN PARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1208-CR-672 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1109-FC-52

**April 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Antwan Parks appeals his conviction for class C felony battery of Ashley Lawless, a pregnant woman who he knew was pregnant, resulting in bodily injury to Lawless. He argues that the evidence is insufficient to show that he knowingly and intentionally touched Lawless in a rude, insolent, or angry manner and that Lawless suffered bodily injury as a result. Concluding that the evidence is sufficient to support both elements of the offense, we affirm.

**Facts and Procedural History**

The facts most favorable to the verdict are that in September 2011, Lawless lived in a Lafayette apartment with her two children, eight-year-old R.D. and four-year-old A.P. Parks is A.P.'s father. Lawless was eight months pregnant with Parks's child and had informed him that she was pregnant. Parks did not live with Lawless and did not have a key to her apartment.

On the evening of September 21, 2011, Lawless and her children were at home. Parks knocked on her door, and Lawless let him in. They began arguing over whether Lawless had made negative comments about Parks to a neighbor. Parks left, slamming the door behind him.

A short time later, Parks returned to Lawless's apartment and resumed the argument. He insisted that Lawless had made the negative comments. Parks put his hands around her neck and squeezed her throat. Lawless's neck hurt, and she was unable to breathe or speak. Lawless hit Parks's arm to indicate that she was unable to breathe. Parks released her and

began slapping her face. He made a fist and punched her jaw. Lawless felt pain where Parks punched her. The fighting woke up R.D., who began to cry.

Parks left the apartment, and Lawless took her children across the street to her cousin Leona's residence. Once there, Lawless called her sister, Alexis Jackson, to come pick up her family. Jackson arrived with Lavonne Gates and Jackson's boyfriend, C.J. Lawless walked toward her residence to retrieve some belongings to take to her sister's home. Parks was standing outside. He approached Jackson, Gates, and C.J. and asked if they had "come to fight?" Tr. at 35. Gates told Parks that Lawless was getting some belongings and then they would leave.

As Lawless was placing her key into her apartment door, Parks grabbed the key ring from her. Parks kicked in Lawless's door and grabbed a baseball bat that was beside the door. Lawless entered behind Parks and attempted to grab the bat. They fought for possession of the bat. During the struggle, Parks hit Lawless in the stomach and the arm with the bat. Lawless asked Parks why he wanted the bat. Parks looked at her "like you better get out of my way." *Id*. Lawless released the bat.

Parks took the bat outside. He approached Jackson and began swinging the bat at her. He hit Jackson in the arm with the bat. Gates tried to help Jackson, and Parks hit Gates on the head with the bat. She fell to the ground and passed out. During this time, C.J. had been putting Lawless's children in Jackson's car. R.D. was scared. C.J. took the children back into Leona's residence. Lawless was standing in the doorway of her apartment yelling at Parks to stop. Parks again approached Jackson, who was opening the trunk of the car to

3

retrieve a pocket knife. Parks hit Jackson's arm with the bat at least ten times. Parks smashed the back window of the car with the bat.

Parks ran toward Lawless, who was still standing in the doorway. Lawless tried to go inside and shut the door, but Parks stuck the bat between the door and the door frame so that Lawless could not close the door. Parks began swinging the bat through the door at Lawless. A man ran up to Parks and told him that a neighbor had called the police. Parks ran away with the man.

The police arrived about five minutes later. Lawless's door and a lamp were broken. Lawless, Jackson, and Gates were taken to the hospital. Lawless's neck still hurt. She also experienced abdominal pain and began having contractions.

On September 29, 2011, the State charged Parks as follows: Count I, class C felony battery of Ashley Lawless, a pregnant woman, resulting in bodily injury; Count II, class D felony domestic battery of Ashley Lawless resulting in bodily injury committed in the presence of a child, R.D., less than sixteen years of age; Count III, class D felony battery of Ashley Lawless resulting in bodily injury committed in the presence of a child, A.P., less than sixteen years of age; Count IV, class D felony strangulation of Ashley Lawless; Count V, class A misdemeanor battery of Lavonne Gates resulting in bodily injury; Count VI, Class A misdemeanor battery of Alexis Jackson resulting in bodily injury. The State also alleged that Parks was a habitual offender.

A jury found Parks guilty of Counts I-III and V-VI. Parks waived his right to a jury trial on the habitual offender charge, and the trial court found that he was a habitual offender. Parks appeals his conviction for Count I.

**Discussion and Decision**

Parks challenges the sufficiency of the evidence to support his class C felony battery conviction. Our standard of review is well settled:

> When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence that is favorable to the [verdict] along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

*Staten v. State*, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006) (citations omitted), *trans. denied.*

Under Count I, Parks was charged with battery pursuant to Indiana Code Section 35-42-2-1(a)(8), which states, "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery[;] … if it results in bodily injury to a pregnant woman and the person knew the woman was pregnant," it is a class C felony. Count I alleged that "Antwan Devon Parks did knowingly or intentionally touch another person, to wit: Ashley Dominique Lawless, in a rude, insolent, or angry manner, resulting in bodily injury to Ashley Dominique Lawless, a pregnant woman, and the said Antwan Devon Parks knew [she] was pregnant." Appellant's App. at 22.

According to Parks, because the jury acquitted him of strangulation, Count I must be based "on the second incident between Parks and Lawless, where Parks and Lawless

5

struggled over possession of a baseball bat." Appellant's Br. at 9. Specifically, he argues that there is insufficient evidence that he knowingly or intentionally hit Lawless with the bat and that she suffered bodily injury from being hit with the bat. He ignores the initial encounter with Lawless when he choked her, slapped her, and punched her in the jaw.[1] We reject Park's unsupported premise that Count I must be based solely on the struggle for possession of the bat.

Likewise, we reject Parks's claim that the evidence is insufficient to establish that he knowingly and intentionally touched Lawless in a rude, insolent, or angry manner. The evidence favorable to the verdict shows that he put his hands on her neck and squeezed so hard that her neck hurt and she could not breathe or talk. He then slapped her and punched her jaw. Later, he hit her stomach and arm with the bat as they fought over it. We conclude that the evidence is sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that Parks knowingly and intentionally touched Lawless in a rude, insolent, or angry manner. *See Parker v. State*, 424 N.E.2d 132, 134 (Ind. Ct. App. 1981) ("Intent to commit a battery may be determined from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points.").

Park's challenge to the evidence supporting bodily injury is also without merit. "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. The record shows that Lawless was unable to breathe or talk, her neck

---

[1] The State does not explicitly respond to Parks's assertion that Count I must be based on the struggle for the bat. However, the State's argument implicitly rejects Parks's single-minded focus on the struggle for the bat by relying on the entirety of Parks and Lawless's interaction on the night of September 21, 2011.

hurt, and she felt pain where Parks punched her. We conclude that the evidence is sufficient to establish bodily injury. Based on the foregoing, we affirm Parks's conviction for class C felony battery.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.