**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TERI A. FLORY**
Flory and Smith
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REGINAL EXSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1306-CR-490 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1202-CM-166

**January 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Reginal Exson appeals his conviction for Class A misdemeanor domestic battery. We affirm.

**Issues**

Exson raises two issues, which we restate as:

  I.  whether the evidence is sufficient to sustain his conviction; and

  II.  whether the trial court properly denied his motion for a directed verdict.

**Facts**

Exson and S.E. were married in 2002 and have two children. The couple separated in 2009, but they remained married. On January 29, 2012, Exson was visiting his children at S.E.'s house, and they got into an argument over S.E.'s phone charger, which she found in Exson's bag. S.E. was frustrated and asked Exson to leave. Exson started hitting S.E. on the face with the charger, and S.E. told him to stop. When he did not stop, she knocked the charger out of his hand, but he picked it up and started hitting her with it again. When she knocked it out of his hand again, Exson punched her in the face. Blood was "gushing" from her eye and nose. Tr. p. 36. S.E. eventually went to the hospital and was treated for an orbital fracture. At the time of the trial in March 2013, parts of S.E.'s face were still numb.

The State charged Exson with Class A misdemeanor domestic battery. A jury found Exson guilty as charged, and the trial court sentenced him to 365 days suspended to probation. Exson now appeals.

## Analysis

### *I. Sufficiency*

Exson argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Indiana Code Section 35-42-2-1.3(a) provides that "[a] person who knowingly or intentionally touches an individual who . . . is or was a spouse of the other person . . . in a rude, insolent, or angry manner that results in bodily injury to the person" commits Class A misdemeanor domestic battery. Exson argues that he did not have the requisite intent. He argues that he did not hit S.E. on "purpose" and that it was merely "a reaction." Appellant's Br. p. 8.

"A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Absent a defendant's confession or admission, the mens rea element for a criminal offense is a matter of circumstantial proof. Hampton v. State, 961 N.E.2d 480, 487 (Ind. 2012). "Intent to commit a battery may be determined from a consideration of the conduct and the natural and usual sequence to

which such conduct logically and reasonably points." <u>Parker v. State</u>, 424 N.E.2d 132, 134 (Ind. Ct. App. 1981).

The State presented evidence that, while arguing with S.E. over a phone charger, Exson punched her in the face, resulting in an orbital fracture. Although Exson argues that the punch was merely a reaction to S.E. knocking the charger out of his hand, this is merely a request to reweigh the evidence, which we cannot do. We conclude that the evidence was sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that Exson knowingly and intentionally touched his wife, S.E., in a rude, insolent, or angry manner resulting in bodily injury.

## II. Directed Verdict

Exson argues that the trial court erred when it denied his motion for directed verdict. Indiana Trial Rule 50(A) governs motions for directed verdict, which are also called motions for judgment on the evidence, and provides:

> Where all or some of the issues in a case tried before a jury . . . are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

When a defendant moves for judgment on the evidence, the court is required to withdraw the issues from the jury if: (1) the record is devoid of evidence on one or more elements of the offense; or (2) the evidence presented is without conflict and subject to only one inference, which is favorable to the defendant. Ind. Trial Rule 50(A); <u>Farris v. State</u>, 753 N.E.2d 641, 647 (Ind. 2001).

4

"A trial court appropriately grants a motion for a directed verdict when there is a total lack of evidence regarding an essential element of the crime or when the evidence is without conflict and susceptible only to an inference in favor of the defendant's innocence." Bass v. State, 947 N.E.2d 456, 459 (Ind. Ct. App. 2011), trans. denied. We neither reweigh evidence nor judge witness credibility, but consider only the evidence that supports the conviction and the reasonable inferences to be drawn therefrom in order to determine whether there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. Id. "If the evidence is sufficient to sustain a conviction upon appeal, then a motion for a directed verdict is properly denied; thus, our standard of review is essentially the same as that upon a challenge to the sufficiency of the evidence." Id. We have determined that the evidence is sufficient to sustain Exson's conviction. Consequently, the trial court properly denied his motion for directed verdict.

**Conclusion**

The evidence is sufficient to sustain Exson's conviction for Class A misdemeanor domestic battery, and the trial court properly denied his motion for a directed verdict. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

5